■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TALIB F. ALSAIFULLAH, Also Known as VICTOR D. GOREE, Also Known as SALAAM GOREE, Appellant.—Kane, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered July 22, 1986, convicting defendant upon his plea of guilty of the crime of attempted rape in the first degree.

Defendant was indicted for the crime of rape in the first degree and, after plea bargaining, pleaded guilty to one count of attempted rape in the first degree (see, Penal Law § 130.35 [3]; § 110.00). On this appeal, he first urges that insufficient facts were elicited from him at the time of his plea to establish a knowing and intelligent admission. However, defendant did not raise this issue to County Court by a motion to vacate or otherwise; he therefore failed, as a matter of law, to preserve this argument for appellate review (see, People v Pascale, 48 NY2d 997; People v Santiago, 100 AD2d 857). In any event, upon a review of the record, we find that the plea was entered into both knowingly and voluntarily. As to defendant's claim with regard to the insufficiency of the Grand Jury minutes, this argument was also waived by his plea of guilty (see, People v Thomas, 74 AD2d 317, 321, affd 53 NY2d 338; People v O'Neal, 44 AD2d 830).

With respect to the claim of ineffective assistance of counsel, there is nothing in the record to support this contention and we find that defendant was afforded meaningful representation (see, People v Baldi, 54 NY2d 137).

Finally, defendant claims that the sentence he received of 5 to 15 years' imprisonment was harsh and excessive. However, although the sentence was the maximum, it was legally permissible (see, Penal Law § 70.02 [3] [b]; [4]). We find no extraordinary circumstances which would warrant our interfering with County Court's exercise of discretion in sentencing defendant (see, People v Donato, 112 AD2d 535, lv denied 66 NY2d 918; People v Robinson, 65 AD2d 896).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.