OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was arrested for the fatal stabbing of a fellow inmate at the Watertown Correctional Facility. Before arraignment, a local Spanish teacher was appointed to act as interpreter for defendant, whose English is limited, and she translated the Miranda warnings, which defendant indicated he understood. Defendant was not questioned by anyone. At some point during the arraignment proceedings, after the Town Justice had spoken, defendant inquired in Spanish if he could ask her something. Believing that defendant had a question about the Justice’s last statement, the translator said yes without consulting the court. To her surprise, defendant then said, in Spanish, that he had a nervous condition, that he did not realize he had killed the man, and that he was guilty. The translator immediately informed the court of defendant’s statement.
Defendant’s right to counsel had attached at his arraignment, and any statement he made was inadmissible unless he had waived his right to counsel in the presence of counsel (People v Samuels, 49 NY2d 218) or, as the lower courts found in this case, the statement was spontaneously volunteered and not the result of “inducement, provocation, encouragement or acquiescence” (People v Maerling, 46 NY2d 289, 302-303).
*940 Defendant has not established his contention — required in order for him to succeed on this appeal — that the statement he made was not spontaneous as a matter of law. Rather, there is support in the record for the undisturbed finding that defendant’s statement was spontaneous, wholly self-generated, and not the result of any inducement (People v Anderson, 42 NY2d 35, 38-39). Defendant initiated the exchange, and the translator’s response, based on the reasonable belief that defendant merely wanted clarification of what she had just said, was neither intended nor objectively likely to elicit an inculpatory statement from defendant, who had been fully advised of his Miranda rights. Indeed, we have found sufficient support for a determination of spontaneity in circumstances where a police officer engaged in a far more extensive dialogue with the defendant than the bare permission to speak given by the translator here (see, People v Lynes, 49 NY2d 286 [following arraignment, defendant asked police officer if he could speak to him]).
This case is by no means the first time that a defendant has been found to have made a spontaneous inculpatory statement after the indelible right to counsel has attached (as only a few of many examples see, People v Lynes, supra; People v Roucchio, 52 NY2d 759; People v Rivers, 56 NY2d 476; People v Ellis, 58 NY2d 748). We tread no new ground at all in today’s decision, and we in no way retreat from our recognition of the important rights accorded to a defendant upon the filing of formal criminal charges.
The novel rule is the one urged by defendant and the dissenter, requiring that we turn a deaf ear to admissions made by a defendant upon passing into the "authoritarian yet sanctuarial enclave of a court” (dissenting opn, at 943) though such admissions have been found by two courts to have met our already stringent requirements for spontaneous statements. This we decline to do. We have not previously established a requirement that a defendant affirmatively be stopped from making an inculpatory statement, and we see no reason to depart from our precedents to do so on these unusual facts.