■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHIH MING WONG, Appellant. [636 NYS2d 794] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered December 5, 1990, convicting defendant, after jury trial, of murder in the second degree, and sentencing him to a term of 18 years to life, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference, defendant's guilt of each and every element of the crime charged was proven beyond a reasonable doubt (*People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932), and an independent review of the facts reveals that the jury accorded appropriate weight to the credible evidence (*People v Bleakley*, 69 NY2d 490). Indeed, the People provided overwhelming evidence of defendant's guilt, and defendant's statement to the police that he had changed his mind two weeks after arranging for the murder is belied by the evidence of defendant's contacts with

the hired assassin in the days immediately preceding and following the murder, as well as his contact with the family of the victim immediately after the murder. Thus, the jury's credibility determinations are supported by the record and will not be disturbed by this Court (*People v Siu Wah Tse*, 91 AD2d 350, *lv denied* 59 NY2d 679).

The hearing court properly found that defendant's statements to the police were admissible at trial. The totality of the circumstances surrounding defendant's initial statement to the police, including the non-custodial nature and brevity of the encounter prior to defendant's incriminating statement, the administration of *Miranda* warnings and defendant's knowing waiver of his constitutional rights when advised that the police wished to question him regarding a particular homicide that might shed light on the kidnapping of defendant's son, negate defendant's claim of improper police conduct designed to elicit an involuntary statement (*cf., People v Anderson*, 42 NY2d 35). Display to defendant of an ordinary photograph of the homicide victim was not a coercive tactic (*supra*). Defendant's subsequent written statement, made in response to custodial questioning, was properly preceded by administration of *Miranda* warnings and defendant's knowing waiver of his constitutional rights (*Miranda v Arizona*, 384 US 436). Although defendant's second oral statement was made after he had indicated a desire for the assistance of counsel, that statement was a spontaneous utterance, made in the absence of any express or implied police questioning (*see, People v Gonzales*, 75 NY2d 938, *cert denied* 498 US 833).

We perceive no abuse of discretion in sentencing. Concur—Rosenberger, J. P., Nardelli, Williams, Tom and Mazzarelli, JJ.