■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH JOHNSON, Appellant. [642 NYS2d 334] —Mikoll, J. P. Appeal from a judgment of the County Court of Albany County

(Keegan, J.), rendered September 14, 1994, upon a verdict convicting defendant of the crimes of burglary in the second degree and criminal mischief in the fourth degree.

David Seppelin left work at 6:30 P.M. on April 27, 1993 and, as he approached the side entrance of his residence in the Town of Colonie, Albany County, he observed that the outside door of the foyer was ajar and the window pane had been knocked out. He further discovered that the glass of the panes of the upper portion of the inner door of the foyer were all broken out. Glass was all over the floor. The foyer was small, approximately three feet by five feet, and led into the kitchen. The inner door was secured by a dead-bolt lock and was still locked. He entered the residence and called the police. The police advised him to wait outside until they arrived. The police looked around but found no one in the house. Seppelin noticed that many of his possessions had been dumped on the floor and that the premises had been ransacked. He observed drops of blood at various places in the house.

Two days after the incident Seppelin noticed a piece of folded yellow paper in the grass by his steps. He called the police again and described the document. The police determined that it was an inmate's copy of a receipt for funds that were deposited in the inmate commissary account at Albany Correctional Facility. The document bore the name of Kenneth Johnson and his birth date. The police returned to Seppelin's residence and removed a piece of wood from the door bearing what appeared to be a fingerprint for scientific testing. A fingerprint was obtained from the wood which matched one of defendant's fingers. Defendant was subsequently charged, tried and convicted of burglary in the second degree, a felony, and criminal mischief in the fourth degree, a class A misdemeanor. He was thereafter sentenced to a term of 5 to 15 years' imprisonment.

On appeal defendant contends that (1) the inmate jail commissary receipt was improperly admitted into evidence without redaction to prevent disclosure of the fact that defendant had been previously incarcerated, resulting in undue prejudice to defendant, (2) the conviction should be reversed as against the weight of the evidence based on this Court's own assessment of the factual evidence, and (3) the sentence imposed was unduly harsh and excessive. We disagree. The judgment of conviction should be affirmed.

The relevancy, materiality and probative value of the unredacted receipt as against its prejudice to defendant is a matter to be weighed and determined by County Court in the exercise

of its sound discretion (*see, People v Davis*, 43 NY2d 17, 27, *cert denied* 435 US 998). The document was probative of the identity of the perpetrator of the crime. Testimony as to what it was and how it was generated explained how the document came into defendant's possession. County Court properly gave a cautionary instruction that the jury was not to draw any inference of guilt from the fact that defendant may have been an inmate in the County Jail prior to the incidents charged in the indictment. Consequently, we cannot say that County Court abused its discretion in admitting the receipt into evidence without redaction. The finding of the document also explained why the police revisited the scene and discovered the fingerprint of defendant providing compelling evidence of his guilt, if accepted by the jury.

Defendant also argues that the verdict is against the weight of the evidence because in the absence of the commissary receipt and the fingerprint evidence, there was insufficient evidence. Defendant further argues that this Court, based on its power to review the factual evidence, should find that such evidence was inadmissible requiring reversal. Again we disagree. Defendant's argument fails because the unredacted commissary receipt and the fingerprint evidence were not improperly before the jury. Thus, the verdict was not against the weight of the evidence nor is there any basis for this Court to exercise its discretion in the interest of justice and reverse the jury verdict. In any event, viewing the evidence in a light most favorable to the People, as we must (*see, People v Allah*, 71 NY2d 830), we find "that there is a valid line of reasoning that could lead a rational person to the conclusion reached by the jury" (*People v Turner*, 204 AD2d 816, *lv denied* 83 NY2d 972). The evidence presented at trial was sufficient to establish the guilt of defendant beyond a reasonable doubt.

Finally, defendant's claim that his sentence was unduly harsh and excessive is rejected. Defendant has failed to demonstrate that County Court abused its discretion in imposing this sentence or that extraordinary circumstances exist warranting a reduction of the sentence (*see, People v Alsaifullah*, 136 AD2d 774, *lv denied* 71 NY2d 892).

Mercure, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.