■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN P. MASTERSON, Appellant. [671 NYS2d 152] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered July 24, 1996 in Rensselaer County, upon a verdict convicting defendant of the crime of burglary in the second degree.

Defendant was convicted, following a jury trial, of the burglary of a private residence in the Village of Schaghticoke, Rensselaer County, which occurred between 9:30 P.M. on October 9, 1995 and 5:30 A.M. on October 10, 1995. Before going to bed the night of October 9, 1995, the victim had checked to make sure all the doors of her home were closed and locked. She awoke at 5:30 A.M. the next day and discovered that the back doors were open, with a black cardboard box propping open the exterior door. Her television, VCR and vehicle were missing. Defendant's fingerprint was found on the black cardboard box, which had been brought into the victim's residence the evening of October 8, 1995 and had been placed by her in the enclosed back porch. The box, which had contained a set of sports balls, had been purchased from a store on October 8, 1995.

A felony complaint was filed against defendant and a warrant for his arrest was issued on November 14, 1995. He was arrested on the warrant on November 16, 1995. En route to jail following his arrest, defendant allegedly inquired of the transporting officer as to which burglary he was being arrested for, and upon being told that it was that which had occurred in Schaghticoke, he responded that he had been babysitting that night. On November 20, 1995, while defendant was being transported from jail to court for a hearing, he allegedly made a second statement to another transporting officer. After general conversation, the transporting officer asked defendant what he had going on in court that evening, and defendant responded that he did not remember if he committed the burglary, that he had been drinking a lot during that time and had been pretty drunk that day.

Defendant moved to suppress these statements on the ground that they were the product of unlawful police interrogation in violation of his right to counsel, which had attached

with the filing of the felony complaint and issuance of the warrant on November 14, 1995. Supreme Court found the statements admissible.* As to defendant's November 16, 1995 statement (that he was babysitting at the time of the burglary), the court found that it was not made in response to police questioning, but rather was a spontaneous utterance made after the officer had responded to defendant's question as to the reason for his arrest. As to the November 20, 1995 statement, Supreme Court found that by inquiring as to defendant's pending business in court that evening, the transporting officer was not posing the type of inquiry likely to induce an incriminating response. At trial, the prosecution's case against defendant consisted of the fingerprint evidence and the two statements.

Defendant argues on appeal that Supreme Court erred in its ruling on his *Huntley* motion (*see, People v Huntley*, 15 NY2d 72), that the evidence at trial was legally insufficient and that the verdict was against the weight of the evidence. We disagree.

Evidence as to defendant's statements was properly admitted. While defendant denied at the *Huntley* hearing that he inquired about the reason for his arrest or made either of the statements imputed to him, Supreme Court credited the testimony of the two officers to the contrary. Determinations of credibility are within the province of the trial court (*People v Burgess*, 241 AD2d 765; *People v Poette*, 229 AD2d 796, *lv denied* 88 NY2d 1071; *People v Ackerman*, 162 AD2d 793). Notwithstanding the fact that the right to counsel had indelibly attached upon the filing of the felony complaint against defendant on November 14, 1995, his statements were spontaneous and neither provoked, induced nor encouraged by police conduct or interrogation, and therefore properly admitted (*see, People v Gonzalez*, 75 NY2d 938, *cert denied* 498 US 833; *People v Maerling*, 46 NY2d 289; *see also, People v Payne*, 233 AD2d 787).

Turning to defendant's arguments concerning the legal sufficiency and weight of the evidence, when we view the trial evidence in the light most favorable to the People, as we are required to do (*see, People v Allah*, 71 NY2d 830), we find that it was legally sufficient to establish defendant's guilt beyond a reasonable doubt. Nor do we find, upon the exercise of our power of factual review, that the verdict was against the weight of the evidence (*see, People v Johnson*, 227 AD2d 717, *lv denied*

---

* Supreme Court granted the motion to suppress additional statements made by defendant in response to the officer's questions following defendant's initial statement that he was babysitting at the time of the burglary.

88 NY2d 967; *People v Addison*, 219 AD2d 782; *People v Windbush*, 202 AD2d 527, *lv denied* 83 NY2d 878; *People v Smiley*, 200 AD2d 777).

We also reject defendant's claim that his sentence was harsh and excessive. As a second felony offender convicted of a violent felony offense, defendant faced a determinate sentence of between 5 and 15 years. The determinate sentence of six years imposed was not an abuse of discretion, nor do we find any extraordinary circumstances warranting modification thereof (*see*, *People v Kitchings*, 239 AD2d 665, *lv denied* 90 NY2d 860).

Crew III, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.