■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER WILLIAMS, Appellant. [698 NYS2d 347] —Graffeo, J.

Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered January 3, 1997, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant was indicted for assault in the second degree and reckless endangerment in the first degree in connection with the beating of a man on July 17, 1996 in the City of Elmira, Chemung County. Due to an outstanding parole violation warrant, defendant turned himself in to the Elmira Police on July 23, 1996. The record of the *Huntley* hearing reveals that after being taken into custody, defendant was advised of his *Miranda* rights prior to any interrogation. In the course of questioning, defendant made oral statements regarding the July 17, 1996 incident but he later declined to issue a written statement until he had the opportunity to consult with an attorney. County Court found that defendant's statements made prior to the invocation of his right to counsel were admissible and suppressed any statements issued thereafter. Defendant ultimately pleaded guilty to one count of assault in the second degree in satisfaction of the indictment and was sentenced as a second violent felony offender to a definite term of seven years in prison. Defendant now appeals.

We affirm. Since defendant did not request an attorney until after he made certain oral statements, County Court correctly ruled that the statements were not taken in violation of his right to counsel (*see, People v Linderberry*, 222 AD2d 731, 733, *lv denied* 87 NY2d 975). Additionally, giving due deference to County Court's credibility determinations (*see, People v Dickson*, 260 AD2d 931, 932, *lv denied* 93 NY2d 1017), we reject defendant's argument that the court erred in refusing to suppress the oral statements as involuntary (*see, People v White*, 261 AD2d 653, 654, *lv denied* 93 NY2d 1029). Finally, we are unpersuaded by defendant's contention that the sentence imposed was harsh and excessive. A sentence within permissible statutory ranges will not be disturbed unless extraordinary circumstances exist warranting a modification (*see, People v Dolphy*, 257 AD2d 681, *lv denied* 93 NY2d 872). While defendant did receive the lengthiest sentence possible as a second violent felony offender, he also obtained a substantial benefit by the People's agreement not to pursue persistent felony offender status and by accepting a plea agreement in satisfaction of the two-count indictment. Thus, we find no reason to disturb the sentence imposed in the interest of justice (*see, id.*).

Mercure, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.