■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. RYAN, Appellant. [719 NYS2d 188] —Mercure, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered December 3, 1999, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the third degree.

Defendant was indicted for criminal possession of stolen property in the third degree based upon evidence that on or about April 15, 1999, he stole a vehicle from an automobile dealership in the City of Elmira, Chemung County. Following the denial of defendant's motion to suppress oral admissions he made to the police following his arrest, defendant entered a guilty plea to the indictment with the understanding that he would be sentenced to a prison term of 2½ to 5 years. Convicted upon his plea of guilty and sentenced in accordance with the plea bargain, defendant now appeals, contending only that County Court erred in denying his suppression motion and that the sentence imposed by County Court is harsh and excessive. We disagree with both contentions and accordingly affirm.

As relevant to the contentions presently advanced by defendant, the evidence adduced at the *Huntley* hearing showed that on April 30, 1999, defendant voluntarily accompanied Elmira Police Department officers to the detective bureau. *Miranda* warnings were administered and, in response to questioning by Investigator William Wood, defendant acknowl-

---

edged that he had been driving the vehicle in question but did not steal it and in fact had no knowledge that it had been stolen. Defendant then requested an attorney. The questioning ceased, defendant was placed under arrest for criminal possession of stolen property and was taken to the processing area. While there, defendant saw a long-time acquaintance, Sergeant William Batrowny.

Defendant asked to speak with Batrowny, who in turn asked Wood what the situation was. Upon being advised that defendant had requested an attorney, Batrowny told defendant that he could talk to him but that they could not discuss the matters concerning which defendant had requested an attorney. Defendant reiterated his desire to talk with Batrowny and the two of them went into Batrowny's office, with the door left open. In the absence of any questioning by Batrowny, defendant stated that he wanted to tell the truth regarding the stolen vehicle because he did not want anyone else to take the blame for what he had done and that he had taken the keys to the vehicle a couple of weeks before the April 15, 1999 incident. Batrowny then told defendant that he should speak with an attorney and be honest with the attorney and then maybe something could be worked out with the District Attorney's office. Defendant was then escorted back to the processing area.

Although there can be no question that defendant effectively asserted his right to counsel, that the police were prohibited from questioning him further about his involvement in the theft or possession of the stolen vehicle, and that any statements he made in response to such questioning would be inadmissible, statements by defendant that were spontaneously volunteered and not the result of "inducement, provocation, encouragement or acquiescence" (*People v Gonzales*, 75 NY2d 938, 939, *cert denied* 498 US 833 [internal quotations omitted]) would suffer from no such infirmity. The relevant inquiry in such a case is whether "the police conduct should reasonably have been anticipated to evoke a statement from the defendant * * * and whether it can be said under the circumstances that the inculpatory statement was 'made without apparent external cause' " (*People v Rivers*, 56 NY2d 476, 480, quoting *People v Stoesser*, 53 NY2d 648, 650 [citation omitted]).

The *Huntley* hearing transcript demonstrates that defendant was not subjected to prolonged questioning (*compare, People v Rivers, supra*, at 479; *People v Rogers*, 48 NY2d 167, 174) and that defendant deliberately sought out Batrowny and initiated the conversation (*see, People v Gonzales, supra*, at 940). In addition, the record shows that Batrowny explicitly instructed

defendant that they could not discuss any matters related to the proceeding because defendant had requested an attorney. Finally, defendant's statements were made in an area that was accessible to the public and were not made in response to any questioning. In fact, the evidence shows that Batrowny escorted defendant back to the processing area in order to prevent him from making any further statements. Under the circumstances, we conclude that the record provides abundant support for County Court's determination that defendant's statements to Batrowny were spontaneous, wholly self-generated and not the result of any inducement (*see, People v Gonzales, supra*, at 940; *People v Merrick*, 188 AD2d 764, 765, *lv denied* 81 NY2d 889).

Defendant's additional contentions do not warrant extended discussion. First, the contention that defendant's oral admissions should have been suppressed as the fruit of an illegal arrest was not raised in his motion papers or at the suppression hearing and is therefore unpreserved for our review (*see*, CPL 470.05 [2]; *see also, People v Jamison*, 219 AD2d 853, 854, *lv denied* 88 NY2d 966). In any event, the record of the *Huntley* hearing establishes the existence of probable cause for defendant's arrest. Second, given defendant's lengthy criminal record and the fact that the sentence was within the permissible statutory range and was part of a plea bargain agreed to by defendant, we perceive no extraordinary circumstances warranting a modification of the sentence (*see, People v Williams*, 266 AD2d 647, 648, *lv denied* 94 NY2d 886; *People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.