(October 18, 2001)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMEN CIVITELLO, Appellant. [731 NYS2d 250] —Lahtinen, J. Appeals (1) from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered May 1, 1997, upon a verdict convicting defendant of the crimes of burglary in the second degree (four counts), criminal contempt in the second degree and criminal mischief in the third degree, and (2) by permission, from an order of said court, entered April 27, 1998, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was indicted by a Schenectady County Grand Jury on various criminal charges including burglary in the first degree (four counts), assault in the second degree (two counts), criminal mischief in the second degree and criminal contempt in the second degree after he kicked in the back door of Christopher Stack's residence in the City and County of Schenectady and, once in the residence, damaged personal property belonging to Stack and assaulted Stack and defendant's

estranged wife who were then present in the residence. Convicted after trial of four counts of burglary in the second degree as lesser included offenses of burglary in the first degree, criminal mischief in the third degree as a lesser included offense of criminal mischief in the second degree and criminal contempt in the second degree, defendant was sentenced to four concurrent prison terms of 6 to 12 years on the burglary convictions, a concurrent 1 to 3-year prison term on the criminal mischief conviction and a consecutive one-year sentence for his conviction on criminal contempt in the second degree.

Subsequent to his sentencing, defendant moved unsuccessfully to vacate his conviction pursuant to CPL 440.10, claiming *Brady* and *Rosario* violations because the People withheld a statement by Stack relating to his insurance claim for the damages to his property. Defendant now appeals from his judgment of conviction and, by permission, from the denial of his CPL 440.10 motion.

Initially, defendant claims that he was prejudiced and deprived of a fair trial by the People's failure to timely provide his counsel with certain items of discovery in accordance with a "voluntary disclosure agreement" and defendant's motions seeking discovery, and that County Court abused its discretion in not fashioning an appropriate sanction for the People's discovery abuse (*see*, CPL 240.70 [1]). This material included the statements of witnesses that the People intended to call at trial, the criminal records of witnesses, particularly Stack, and the audiotapes of defendant's telephone conversation with Schenectady Police Officer David Mantei, which the People intended to use at trial. During defendant's trial, his counsel reiterated his request that these materials be produced. County Court directed the People to produce all witness statements and the audiotapes and offered the defense an adjournment to review them. County Court also conditionally precluded both the testimony of Stack if his criminal record was not provided to the defense prior to Stack's testimony and the use of the missing audiotapes if they were not timely provided to the defense. We find these remedies appropriately alleviated any prejudice to defendant by the People's failure to promptly disclose such material and adequately protected defendant's right to a fair trial (*see*, *People v Kelly*, 62 NY2d 516, 521; *People v Emery*, 159 AD2d 992, 993, *lv denied* 76 NY2d 787).

Next, we reject defendant's challenge to County Court's *Huntley* hearing rulings that the three statements made by defendant, introduced as part of the People's case at trial, were

spontaneous and voluntarily made and properly admitted (*see,* *People v Gonzales,* 75 NY2d 938, 940, *cert denied* 498 US 833; *People v Ryan,* 279 AD2d 713, 714, *lv denied* 96 NY2d 806). The record discloses no conduct by the police which could reasonably be determined "to evoke a statement from * * * defendant" (*People v Rivers,* 56 NY2d 476, 480) and fully supports County Court's finding that defendant's statements were voluntarily and spontaneously made (*see, People v Gonzales, supra,* at 940; *People v Scotchmer,* 285 AD2d 834, 835-836).

We also reject defendant's argument that County Court erred by failing to dismiss the charge of criminal contempt in the second degree. The record reveals that defendant's motion challenging the legal sufficiency of count nine of the indictment, made for the first time at the close of the People's proof, was based on his claim that the order of protection submitted to the Grand Jury was legally insufficient because it lacked an expiration date as required by CPL 530.12 (6). Defendant does not make the same claim with regard to the order of protection received in evidence during the People's case at trial and, because we find his conviction for criminal contempt was based on legally sufficient trial evidence, his challenge to the legal sufficiency of the evidence before the Grand Jury is thereby foreclosed (*see,* CPL 210.30 [6]; *People v Alameen,* 264 AD2d 937, 939, *lv denied* 94 NY2d 819).

We do find merit in defendant's challenge to the sufficiency of the proof relating to his conviction for criminal mischief in the third degree as a lesser included offense of the seventh count of the indictment charging him with criminal mischief in the second degree. To secure a conviction for criminal mischief in the third degree, the People must show that defendant intentionally, and with no right to do so, damaged property of another in an amount exceeding $250 (*see,* Penal Law § 145.05). Although the uncontroverted testimony that Stack's property was intentionally damaged is sufficient to sustain a conviction for criminal mischief in the fourth degree (*see,* Penal Law § 145.00), the People failed to prove the value of the damaged property. Stack's testimony that he received several thousand dollars, as well as his subsequent testimony that he received approximately $4,000 in insurance proceeds as a result of the property damage caused by defendant, was objected to by defense counsel and the objections were sustained by County Court, resulting in the exclusion of Stack's testimony as to value, and the People made no effort to reintroduce this excluded testimony. Stack's further testimony that he received insurance proceeds as a result of the damage to his property

and that he thought, but was not sure, that his insurance deductible was $250 does not sustain the People's burden of proving the value of the damaged property beyond a reasonable doubt, and the People failed to accomplish the relatively simple task of otherwise proving the amount of the insurance proceeds or Stack's deductible through documentary evidence or other witnesses. Accordingly, as the record is devoid of any other proof of the value of the damaged property, the People failed to prove that it had a value exceeding $250 (*see*, *People v Pluff*, 217 AD2d 744, 745). Consequently, defendant's conviction for criminal mischief in the third degree must be reduced to criminal mischief in the fourth degree.

Defendant's challenge to the balance of his convictions* upon the ground that the verdicts were against the weight of the evidence is without merit. Our independent review of the trial evidence (*see*, *People v White*, 261 AD2d 653, 656, *lv denied* 93 NY2d 1029) leads us to the conclusion that the jury accorded the evidence its proper weight (*see*, CPL 470.20 [2]; *People v Bleakley*, 69 NY2d 490, 495). Mindful that issues of credibility and the weight to be accorded particular evidence are matters within the province of the jury (*see*, *People v Parkinson*, 268 AD2d 792, 794, *lv denied* 95 NY2d 801), we find no basis to disturb the verdict, the jury obviously having believed and credited the testimony of Stack and defendant's wife.

With respect to defendant's appeal from the denial of his CPL 440.10 motion, the record clearly shows that Stack's statement to his insurance company was first seen by the People during their review of Stack's insurer's file after Stack testified at trial, and it was never in their possession or control. Accordingly, that statement was not subject to the disclosure required by *Brady* or *Rosario* (*see, e.g.*, *People v Santorelli*, 95 NY2d 412, 421-423; *People v Livingston*, 262 AD2d 786, 790, *lv denied* 94 NY2d 881) and County Court properly denied the motion. Finally, defendant's claim that County Court improperly considered charges upon which he had been acquitted when defendant was sentenced is belied by our review of the sentencing minutes and is rejected as wholly without merit.

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by reducing defendant's conviction for criminal mischief in the third degree to criminal mischief in the fourth degree; vacate the sentence imposed on said conviction and matter remitted to the County

---

* As noted, defendant was also convicted of four counts of burglary in the second degree as lesser included offenses of burglary in the first degree and criminal contempt in the second degree.

Court of Schenectady County for resentencing; and, as so modified, affirmed. Ordered that the order is affirmed.