■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD F. DURANT, Appellant. [774 NYS2d 839]—

Kane, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered February 10, 2003, upon a verdict convicting defendant of the crime of criminal contempt in the first degree.

An order of protection was in effect prohibiting defendant from engaging in any offensive conduct against his wife. While the two were lying in bed, defendant elbowed her in the eye. The next day, a child protective caseworker from the Department of Social Services (hereinafter DSS) went to the residence and observed the wife's black eye. The police responded, took a statement from the wife, then arrested defendant. Defendant gave a written statement to the police indicating that he tried to nudge his wife with his arm and accidentally elbowed her in the eye. He made an oral statement to the booking officer that he elbowed his wife in the eye "to get her off of me." When defendant was released from custody after his preliminary hearing before Justice Court, the transporting deputy commented that he was surprised that the local justice bought defendant's story and let him go. Defendant allegedly responded that he agreed, that his wife was arguing with him that night, and that he meant to give her an elbow to the ribs, but instead hit her eye.

A grand jury indicted defendant on one count of criminal contempt in the first degree. After a suppression hearing, County Court denied defendant's suppression motion and permitted admission of all three of his statements. A jury convicted defendant, resulting in a prison sentence of 1½ to 3 years. Defendant appeals.

County Court properly denied defendant's suppression motion. On appeal, defendant limits his challenge to the third statement, the one made to the transport deputy after the local justice dismissed charges following the preliminary hearing. Defendant does not contend that the statement was a result of custodial interrogation, as his handcuffs had been removed, a justice had dismissed the charges, and he was freely walking with the deputy to retrieve his personal belongings. Instead, defendant contends that the statement was elicited in contravention of his right to counsel. His right to counsel attached because an accusatory instrument had been filed and he had obtained counsel for this matter (see People v Ramos, 99 NY2d 27, 32-33 [2002]; People v Eckhardt, 305 AD2d 860, 860 [2003], lv denied 100 NY2d 620 [2003]), as the prosecutor and police were aware because such counsel had just represented defendant at a pre-

liminary hearing. Despite the dismissal of charges at the preliminary hearing, the matter was not disposed of completely because the People could still obtain an indictment after presenting it to a grand jury (*see People v Hodge,* 53 NY2d 313, 319 [1981]; *see also* CPL 1.20 [18] [giving broad definition of "(c)riminal proceeding"]). Since counsel represented defendant in judicial proceedings related to this crime, the police could not question him in the absence of his attorney and any uncounseled admissions should be suppressed (*see People v Miller,* 54 NY2d 616, 618 [1981]), unless those statements were spontaneous and not elicited by police conduct or questioning (*see People v Kisenik,* 285 AD2d 829, 830 [2001], *lv denied* 97 NY2d 657 [2001]; *People v Masterson,* 248 AD2d 825, 826 [1998]).

The transporting deputy was not involved in the investigation of defendant's case. His only knowledge of the matter was what he heard in the preliminary hearing, and he believed that the matter was disposed of and that defendant would not again be charged with this crime. His comment in general conversation regarding his expectation that the justice would uphold the charges did not include any question, was not investigatory and was not a disguised attempt to elicit an inculpatory statement (*see People v Lynes,* 49 NY2d 286, 294-295 [1980]; *People v Ryan,* 279 AD2d 713, 714-715 [2001], *lv denied* 96 NY2d 806 [2001]; *People v Masterson, supra* at 826). Because defendant's statement was spontaneous and not triggered by police conduct designed to evoke a declaration from him (*see People v Lynes, supra* at 295; *People v Marshall,* 2 AD3d 1157, 1157 [2003]), the statement was not suppressible even though made after his right to counsel had attached.

The evidence was legally sufficient to support conviction. At trial and on appeal, defendant only contested the element of intent, i.e., did defendant cause physical contact with his wife with intent to harass, annoy, threaten or alarm her, or was the contact accidental and unintentional. Defendant's statements that he elbowed his wife "to get her off of me" and that he meant to elbow her in the ribs instead of the eye were sufficient to establish his intent to cause physical contact with her (*see People v Bleakley,* 69 NY2d 490, 495 [1987]; *People v Love,* 307 AD2d 528, 529 [2003], *lv denied* 100 NY2d 643 [2003]). Further, it was the jury's function to resolve credibility issues (*see People v Ward,* 282 AD2d 819, 820 [2001], *lv denied* 96 NY2d 942 [2001]). The jury did so here by disbelieving portions of the wife's testimony based on the inconsistencies between her testimony and prior statements, her testimony that she loved her husband and did not want anything bad to happen to him,

and her admission that she lied at times. Viewing the evidence in a neutral light, but giving due deference to the jury's credibility determinations, the verdict was not against the weight of the evidence (*see People v Bleakley, supra* at 495; *People v Love, supra* at 530).

County Court's evidentiary trial rulings were proper. The court did not abuse its discretion in denying defendant's motion for a mistrial after the prosecutor mentioned that he had turned over *Rosario* material, including a DSS file 2½ inches thick (*see People v Ortiz,* 54 NY2d 288, 292 [1981]; *People v Fish,* 235 AD2d 578, 580 [1997], *lv denied* 89 NY2d 1092 [1997]), especially considering the curative instructions to the jury which alleviated any prejudicial effect of that statement (*see People v Cancer,* 232 AD2d 875, 877 [1996], *lv denied* 89 NY2d 984 [1997]; *People v Birdsall,* 215 AD2d 878, 880 [1995], *lvs denied* 86 NY2d 840 [1995], 88 NY2d 933 [1996]). Defendant's main evidentiary complaints concern the wife's testimony. The court validly ruled her a hostile prosecution witness after she testified that she lied to the prosecutor the day before trial. At that point it was proper to allow the prosecution to impeach her with her prior sworn statement when her testimony "affirmatively damaged the People's case on the material issue" of intent (*People v Colon,* 307 AD2d 378, 381 [2003], *lv denied* 100 NY2d 619 [2003]; *see* CPL 60.35 [1]). Although no jury instructions were given at the time each piece of impeachment testimony was offered (*see* CPL 60.35 [2]), the jury charge instructed that her sworn statement was received for the purpose of impeaching her credibility and not as evidence-in-chief. Her grand jury testimony and the DSS caseworker's notes were supplied to refresh the wife's recollection, not to impeach her, and defense counsel successfully opposed admission of the notes into evidence. Considering the broad discretion granted trial courts in making evidentiary rulings (*see People v Aska,* 91 NY2d 979, 981 [1998]), County Court did not abuse that discretion here.

Defendant received the effective assistance of counsel. Counsel moved for suppression of defendant's statements, requested a mistrial even before opening statements, objected many times to impeachment of defendant's wife, successfully precluded the caseworker's notes from evidence, moved to dismiss at the close of the People's case, and advanced a strong theory that the contact occurred by accident and without intent. While defendant now points to certain tactics or objections that could have been pursued, viewing the case in totality as of the time of representation, defendant was provided meaningful representation (*see People v Baldi,* 54 NY2d 137, 147 [1981]; *People v Govan,* 268 AD2d 689, 691 [2000], *lv denied* 94 NY2d 920 [2000]).

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.