■ · THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY WASHINGTON, Appellant. [799 NYS2d 659]—

Lahtinen, J. Appeals (1) from a judgment of the County Court of Tompkins County (Sherman, J.), rendered June 16, 2003, upon a verdict convicting defendant of the crime of assault in the first degree, and (2) by permission, from an order of said court, entered October 5, 2004, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In the early morning hours of October 29, 2002, defendant al-

legedly stabbed the victim during a brief scuffle. Prior to the incident, defendant had been a friend of the victim and his paramour, Donna Northrup, and, from late September 2002 or early October 2002 until three days before this incident, defendant had resided with the victim and Northrup. Although there was tension between the victim and defendant during that time, they reportedly were still friends when defendant moved out on October 26, 2002.

At about 2:30 A.M. on October 29, 2002, defendant, accompanied by Jennette Bennett, arrived at the residence of the victim and Northrup, he knocked on the back door and Northrup, who had fallen asleep downstairs on a couch, answered the door. Defendant stated that he needed a place for the night and Northrup told him he could stay downstairs on the couch. Northrup then went upstairs to the bedroom that she shared with the victim. Upon learning that defendant was downstairs, the victim loudly voiced his discontent at defendant's presence in the house. Hearing these complaints, defendant proceeded to the victim's bedroom and instigated a verbal exchange. The victim got out of bed, approached defendant and a brief struggle ensued. By the end of the struggle, the victim had received stab wounds to his back and chest, which nearly caused his death. Northrup summoned emergency medical assistance by calling 911 and defendant fled the scene.

Defendant was arrested later that day and was eventually indicted on one count of assault in the first degree. He was convicted by a jury of the charged crime and was thereafter sentenced, as a second felony offender, to 12 years in prison. Defendant moved to vacate the judgment pursuant to CPL 440.10, alleging, among other things, newly discovered evidence and ineffective assistance of counsel. County Court denied defendant's motion without a hearing. Defendant appeals from the judgment of conviction and, with permission, from the order denying the motion to vacate.

We are unpersuaded by defendant's argument that County Court's denial of his requests for a missing witness charge and a justification charge constituted reversible error. Although the People subpoenaed Bennett, who accompanied defendant on the night of the incident, her attorney appeared at the trial and stated that "due to her fear of coming into the courtroom and testifying" she would "not be appearing at any time . . . , regardless of the consequences to her." This prompted the People to indicate that they would seek a contempt charge. Under such circumstances, defendant's request for a missing witness charge was properly denied (*see People v Mulero*, 229 AD2d 402, 402-403 [1996], *lv denied* 88 NY2d 1022 [1996]).

To establish a right to a justification charge in this case, it was incumbent upon defendant to show that he reasonably believed the victim was about to use deadly physical force and that he retreated prior to stabbing the victim (*see People v Siler*, 288 AD2d 625, 628 [2001], *lv denied* 97 NY2d 709 [2002]; *see generally* Penal Law § 35.15; *People v Aiken*, 4 NY3d 324 [2005]). Here, there was no evidence that defendant retreated from the victim's home (or even from his bedroom) nor was there any proof that the victim was about to use deadly physical force. County Court thus did not err in refusing to include such defense in its charge to the jury. Nor was it reversible error for County Court, when faced with a subsequent specific question from the jury about self-defense, to give a self-defense instruction. Defendant was not prejudiced since, during summation, counsel had urged such theory, asserting, among other things, that the victim was "the aggressor" who "attacked" defendant.

Defendant contends that he was deprived of a fair trial by certain conduct of the prosecutor. Although he ascribes several acts of alleged misconduct to the prosecutor, the only one that merits discussion is displaying four knives in the courtroom. The knives—one steak knife and three pocket-type knives—had been gathered during the investigation, but there was no evidence linking any of them to the crime. The prosecutor nevertheless displayed the knives in the courtroom in view of the jury during part of the trial. While we agree with defendant that the prosecutor's conduct was improper, we are not persuaded that the display was so prejudicial as to deprive defendant of a fair trial. After defense counsel expressed concern about the purpose of the knives, the People stipulated on the record in the presence of the jury that the knives were tested and found not to contain any blood, the knives were not received into evidence, defendant's attorney noted in summation that the knife or instrument used in the crime was never recovered and County Court instructed the jury to base its verdict on the evidence. Under the circumstances, the prosecutor's conduct does not require reversal (*compare People v Pyne*, 223 AD2d 910, 911 [1996], *lv denied* 88 NY2d 940 [1996]; *People v Morales*, 113 AD2d 956, 956-957 [1985], *lv denied* 67 NY2d 654 [1986]).

Next, we address defendant's argument that he did not receive the effective assistance of counsel. Defendant's constitutional right to the effective assistance of counsel will be satisfied " '[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation' " (*People v Henry*, 95 NY2d 563, 565 [2000], quot-

ing *People v Baldi*, 54 NY2d 137, 147 [1981]; *see People Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Alston*, 298 AD2d 702, 703 [2002], *lv denied* 99 NY2d 554, 555 [2002]). Notwithstanding defendant's trial counsel's self-critical affidavit submitted in support of defendant's CPL 440.10 motion, review of the record in this difficult case reveals appropriate pretrial applications, intense cross-examination of witnesses, timely and successful objections, articulate and effective opening and closing statements, and presentation of a consistent theory throughout trial by defense counsel. Defendant points out that his attorney did not seek a lesser included offense charge of assault in the second degree under Penal Law § 120.05 (4). He did seek a lesser included offense charge of assault in the second degree, but under Penal Law § 120.05 (1). Neither this alleged mistake nor the other errors now asserted by defendant constitute ineffective assistance of counsel when considered in the context of the entire relevant circumstances and how they unfolded at trial.

The remaining arguments have been considered and found unpersuasive.

Mercure, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment and order are affirmed.