■ The People of the State of New York, Respondent, v Tommie Green, Appellant. [818 NYS2d 862]—

Kane, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered February 6, 2003, upon a verdict convicting defendant of the crimes of robbery in the first degree (three counts), robbery in the second degree and criminal possession of stolen property in the fifth degree.

Courtney Schifferling lured a store clerk to the back of the store at the request of Antonio Spears. Spears and defendant then entered the store wearing hooded sweatshirts and bandanas or masks over their faces. Defendant, who had been holding Spears' gun, handed the gun to Spears. The two men forced the clerk into a back room, where defendant hit him several times in the face and head with a metal object and a fire extinguisher. After binding the clerk with duct tape, defendant, Schifferling and Spears removed numerous items of clothing from the store to two cars waiting behind the store and being attended by another accomplice. Defendant was dropped off at

home and the others went to divide the looted clothing. Later that night, Spears and Schifferling delivered to defendant a garbage bag filled with clothing stolen from the store.

A grand jury indicted all four participants in the robbery on numerous counts. Defendant filed a pro se motion for dismissal based on inadequate notice of the presentment to the grand jury. County Court (Herrick, J.) dismissed the indictment but granted leave to re-present. Days after defendant filed a habeas corpus motion, defendant was reindicted. County Court (Breslin, J.) denied habeas corpus relief and defendant's motion to dismiss on speedy trial grounds, but did dismiss one count of the indictment. At trial, the court reduced one count of the indictment and the jury found defendant guilty of criminal possession of stolen property in the fifth degree, robbery in the second degree and three counts of robbery in the first degree (*see* Penal Law § 160.10 [2]; § 160.15 [2], [3], [4]; § 165.40). The court sentenced him as a second felony offender. Defendant now appeals.

Defendant was not denied his right to a speedy trial. The People must be ready for trial of a felony within six months of commencement of an action (*see* CPL 30.30 [1] [a]), and an indictment which replaces an earlier one in the same action relates back to the original accusatory instrument (*see People v Sinistaj*, 67 NY2d 236, 237 [1986]; *People v Brown*, 23 AD3d 703, 705 [2005], *lv denied* 6 NY3d 810 [2006]). Still, the indictment is not subject to dismissal if the People can show that certain time periods should be excluded from the six months (*see People v Brown, supra* at 704). After subtracting the days attributable to defendant's omnibus motion, his motion to dismiss the first indictment and County Court's consideration of such motions, the total time chargeable to the People for speedy trial purposes was less than six months (*see* CPL 30.30 [4] [a]; *People v Clark*, 11 AD3d 706, 706 [2004], *lv denied* 4 NY3d 762 [2005]).

Defendant was not denied his right to a fair and impartial jury. When a prospective juror stated during voir dire that she knew defendant because he was an inmate at the jail where she worked, County Court made an immediate inquiry of the panel and no potential jurors indicated an inability to remain fair. The jail employee was excused for cause. The decision whether to grant a mistrial is within the trial court's discretion (*see People v Miller*, 239 AD2d 787, 787 [1997], *affd* 91 NY2d 372 [1998]). The court's inquiry sufficiently alleviated any potential prejudice to defendant and ensured his right to an impartial jury (*see People v Chavys*, 263 AD2d 964, 964 [1999], *lv denied* 94 NY2d 821 [1999]).

The accomplice testimony of Spears and Schifferling was corroborated by " 'nonaccomplice evidence [which assured] that the accomplices have offered credible probative evidence' " (*People v Cross*, 25 AD3d 1020, 1022 [2006], quoting *People v Breland*, 83 NY2d 286, 293 [1994]; *see* CPL 60.22 [1]). Clothing stolen from the store was recovered from a garbage bag in defendant's bedroom closet, supporting his involvement in the robbery as well as the accomplices' testimony of how they packaged and delivered defendant's portion of the loot. This evidence tended to connect defendant to the robbery (*see People v Harris*, 29 AD3d 1027, 1029 [2006]).

Considering all of the evidence, including the accomplice testimony, the evidence was legally sufficient to support the verdict. Spears testified that his gun was an operable firearm and the bullet found in the store was a live round. He and Schifferling testified that defendant actively participated in the robbery, including removing clothing from the store, and shared in the fruits of the crime. The clerk testified that one of the robbers hit him with the fire extinguisher; Spears testified that it was indeed defendant. The medical personnel, as well as the clerk, testified regarding the clerk's injuries. The accomplice testimony was adequately corroborated. Viewed in a light most favorable to the People, the evidence was legally sufficient to prove every element of each count (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Cancer*, 16 AD3d 835, 838 [2005], *lv denied* 5 NY3d 826 [2005]).

Because robbery in the second degree, based on the infliction of physical injury upon the store clerk (*see* Penal Law § 160.10 [2] [a]), contained an element different from those in the charged counts of robbery in the first degree (*see* Penal Law § 160.15 [2], [3], [4]), robbery in the second degree was not an inclusory concurrent count and thus not subject to dismissal (*see* CPL 300.30 [4]; *see also People v Fleegle*, 20 AD3d 684, 686-687 [2005], *lv denied* 5 NY3d 828 [2005]; *People v Miller*, 189 AD2d 1001, 1002 [1993], *lv denied* 81 NY2d 889 [1993]). Although the transcript reveals a slight variation in County Court's charge on corroborative proof from this Court's language in *People v Crow* (284 AD2d 653, 653 [2001]), taken together with the remaining instructions the court adequately informed the jury of the appropriate legal standard.

Defendant did not request an alibi charge or object to County Court's failure to give such a charge, rendering that argument unpreserved for our review (*see People v Douglas*, 296 AD2d 656, 657 [2002], *lv denied* 99 NY2d 535 [2002]). In any event, the lack of such a charge would not require reversal because the

charge, taken as a whole, adequately informed the jury that the People always bore the burden of proof, including on the question of whether defendant was the person who committed the robbery (*see People v Warren*, 76 NY2d 773, 775 [1990]; *People v Edwards*, 3 AD3d 504, 504-505 [2004], *lv denied* 2 NY3d 762 [2004]).

Defendant received meaningful representation by defense counsel. Counsel's failure to request an alibi charge did not affect the outcome of the trial as the charge as a whole provided proper instruction. Defendant further alleges that counsel was ineffective because she did not enter certain police reports into evidence or request an adjournment to locate a defense witness. These are tactical choices which we will not second-guess. There is no proof that the defense witness would have been helpful or that the police reports were admissible. Counsel effectively cross-examined the clerk concerning the physical characteristics of the perpetrators and elicited answers consistent with the information in the police reports, making their admission unnecessary. Counsel was successful in obtaining a pretrial dismissal of one charge in the indictment and a reduction of one count of robbery to a lesser degree. She also made appropriate objections, competently cross-examined witnesses and gave an effective summation. On the whole, counsel provided meaningful representation (*see People v Washington*, 21 AD3d 648, 651 [2005], *lv denied* 6 NY3d 839 [2006]).

Defendant's remaining contentions lack merit.

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.