■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL R. BALDWIN, Appellant. [828 NYS2d 597]—

Cardona, P.J. Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered June 13, 2005, upon a verdict convicting defendant of the crimes of burglary in the second degree (two counts), petit larceny (two counts) and criminal possession of stolen property in the fifth degree.

Following an investigation into burglaries of three homes in the Chenango County area owned by Edward O'Reilly and Mary Lou O'Reilly, Alba Martinez and Toby Franklin, defendant, Shane Manwarren and Nathan Sherwood were arrested. Defendant waived indictment by a grand jury and was charged in a superior court information with numerous crimes relating to all three burglaries.* A jury trial was held at which, among others, the victims and Manwarren testified regarding, among other things, defendant's involvement in the O'Reilly and Franklin burglaries. At the close of the People's proof, the prosecutor agreed to the dismissal of all counts stemming from the Martinez burglary. Thereafter, defendant was convicted of two counts of burglary in the second degree, two counts of petit larceny and criminal possession of stolen property in the fifth degree. Defendant was sentenced to two concurrent prison

---

* Manwarren and Sherwood ultimately pleaded guilty to criminal charges stemming from the burglary of Franklin's home.

terms of 4¹/₂ years on the burglary counts, with time served on the misdemeanor counts and an order to pay $1,800 in restitution.

Initially, we are unpersuaded that defendant's convictions are against the weight of the evidence. Upon consideration of "such a challenge, we view the evidence in a neutral light and, if a conclusion contrary to guilt would not be unreasonable, we then weigh the relative probative force of any conflicting testimony and the relative strength of conflicting inferences that may be drawn therefrom" (*People v Trumbach*, 31 AD3d 1054, 1055 [2006]; *see People v Bleakley*, 69 NY2d 490, 495 [1987]). Significantly, in "[v]iewing the evidence in a neutral light," this Court gives "due deference to the jury's credibility determinations" (*People v Durant*, 6 AD3d 938, 941 [2004], *lv denied* 3 NY3d 639 [2004]).

Here, the testimony of Manwarren, supplemented and corroborated by other nonaccomplice evidence, established defendant's participation in the crimes. Specifically, with respect to the burglary of the Franklin home, Manwarren stated that he acted as a "lookout," remaining on the street with defendant's white and tan van, while defendant and Sherwood broke into the home and stole jewelry, a camcorder, walkie-talkies and a backpack. He also testified that they passed his wife's uncle working on the side of the road while they were driving home from the burglary. As an accomplice, Manwarren's testimony had to be corroborated with "evidence tending to connect the defendant with the commission of [the] offense" (CPL 60.22 [1]), which " 'requires only enough nonaccomplice evidence to assure that [Manwarren] offered credible probative evidence' " (*People v Cross*, 25 AD3d 1020, 1022 [2006], quoting *People v Breland*, 83 NY2d 286, 293 [1994]). We find Manwarren's proof was sufficiently corroborated by, among other things, the testimony of his wife's uncle, who confirmed seeing three men in a vehicle resembling defendant's distinctive van near the Franklin residence at the time of the burglary, all of whom turned their faces away from him as they drove by (*see People v Thomas*, 33 AD3d 1053, 1055 [2006]; *People v Cancer*, 16 AD3d 835, 837 [2005], *lv denied* 5 NY3d 826 [2005]).

As for the convictions stemming from the O'Reilly burglary, Mary Lou O'Reilly testified that, upon her return home from work, she observed that the screen had been cut out of her back door and a window had been broken. Upon entry with the police, she discovered that her son's laptop computer and other items were missing. Although Manwarren was not a participant in that burglary, he testified that he was present when defen-

dant came to a friend's house with a laptop and admitted that he had taken it from the O'Reilly home after breaking and entering through a back window. Additionally, Jason Sigler, a friend of defendant who was acquainted with the O'Reilly family, testified to defendant's possession of the laptop—which had the victim's husband's picture on the screen—and asked if Sigler knew anyone who wanted to buy it. Manwarren's wife testified that she asked defendant if he had broken into the O'Reilly home, at which point defendant asked if she knew anyone who wanted to buy a laptop computer. Given this evidence and according appropriate deference to the jury's credibility determinations (*see People v Durant, supra* at 941), we conclude that the jury's verdict was not against the weight of the evidence.

Next, we are unpersuaded that defendant was denied the effective assistance of counsel. He claims that defense counsel failed to request pretrial discovery that would have revealed the existence of fingerprint reports showing that prints found at the burglarized homes were inconclusive and could not be used to identify defendant as a participant in the crimes. However, while it is true that defense counsel did not make the discovery request, viewing his assistance in its totality, we conclude that defense counsel rendered meaningful representation (*see People v Washington,* 21 AD3d 648, 650-651 [2005], *lv denied* 6 NY3d 839 [2006]; *People v Williams,* 305 AD2d 804, 808 [2003]). The record demonstrates that defense counsel was provided with fingerprint information at trial and had the opportunity to utilize it on cross-examination. Further, defendant's allegation that defense counsel did not "request specific relief" after learning of the reports is belied by the record, which reveals that defense counsel moved for a mistrial based on the People's failure to produce the evidence. Significantly, a review of the record indicates that defense counsel made numerous objections, effectively cross-examined witnesses, made appropriate motions, secured an interested witness charge and succeeded in having certain counts dismissed or reduced (*see People v Green,* 31 AD3d 1048, 1051 [2006]; *People v Washington, supra* at 650-651 [2005]; *People v Williams, supra* at 808). Accordingly, we find no merit to defendant's claim of ineffective representation.

Turning to defendant's argument that County Court erred in refusing to give a missing witness charge with respect to two witnesses, we find no error. Although defendant claims that he was entitled to such a charge with respect to the individual who processed the crime scenes and took fingerprints, defendant failed to show that this person would have given noncumulative testimony favorable to the People (*see People v Savinon,* 100

NY2d 192, 197 [2003]). As to defendant's request for a missing witness charge in reference to Sherwood, inasmuch as the record substantiates that he refused to testify despite the fact that he was under subpoena and warned by County Court that he could be held in contempt, the request for a missing witness charge was properly denied (*see People v Washington, supra* at 649).

We note two other issues raised by defendant that require some discussion. County Court did not err in refusing to submit the lesser included offense of criminal trespass to the jury instead of burglary in the second degree, inasmuch as there was no proof "suggesting a noncriminal purpose for entry" into the O'Reilly home by defendant (*People v Martinez*, 9 AD3d 679, 681 [2004], *lv denied* 3 NY3d 709 [2004]; *see* Penal Law § 140.15). Additionally, even if the People erred in failing to timely provide certain *Rosario* material to defendant, i.e., a copy of one witness's prior statement to the police, we note that this document was provided during the witness's direct examination, and the court granted a recess to allow counsel to review the statement before cross-examination. Thus, no prejudice accrued to defendant (*see People v Nelson*, 1 AD3d 796, 797 [2003], *lv denied* 1 NY3d 631 [2004]).

We have examined defendant's remaining contentions, including his claim of prosecutorial misconduct, and conclude that they are unpersuasive.

Peters, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.