■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL H. GROSS, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered August 22, 1978, upon a verdict convicting defendant of the crime of burglary in the third degree. The defendant had been indicted for that crime as the result of his arrest on Sunday, April 9, 1978, inside Al's Garage in Binghamton, New York, where the tripped burglar alarm had summoned the police. A window of the garage had been broken and the defendant attempted to avoid detection when the police arrived but was found hiding in the rafters. After his apprehension, and in response to a question by one of the arresting officers, the defendant said he had entered the garage to obtain some photographs.* On the following day, the defendant gave a statement in which he mentioned the threatening letter and added that on the day before the burglary he had received a threatening phone call to bring $200 to a bar and then to go and get the pictures at Al's Garage. Having gone to Al's first, where he was arrested, he never reached the bar. On its direct case the prosecution offered only the proof of the owner of the garage as to the defendant's having no permission to be in the

---

* The defendant had been previously convicted of numerous burglaries and had spent some time in the Susquehanna, Pa. County Jail. A Sheriff of that jail was tried and convicted of engaging in homosexual activity with some of the inmates of that jail and in the trial against the Sheriff the defendant was a principal prosecution witness. The photographs are said to have been taken in connection with the homosexual activity in Pennsylvania. About two weeks before his arrest here the defendant reported to the police by telephone that he had received a threatening letter to recover these photographs. One of the arresting officers confirmed this version and testified at the trial that he asked the defendant how he was doing in Pennsylvania. The defendant responded to the officer's question by stating that he entered the building to obtain the photographs because of the threats he had received.

building, and of the arresting officers as to how they were summoned and what the condition of the building was when they arrived and how the defendant was found. The prosecution made no effort to introduce the statement of the defendant taken the following day. That statement was introduced by the defense on the cross-examination of one of the arresting officers for the obvious reason that its contents were compatible with the defense as stated in the defendant's opening statement, that the defendant was in the garage to obtain the photographs because of the threatening letter and phone call, and he had no intent to steal anything. On his direct case the defendant did not testify in his own behalf. He offered the testimony of two witnesses who corroborated his story of the threats and photographs. After such testimony, the prosecution gave notice that it intended to offer in rebuttal proof of prior crimes committed by the defendant. This proof consisted of three separate statements signed by the defendant in which the defendant confessed to participation in 23 separate burglaries. The defense objected to the introduction of the testimony. The first statement offered was taken in August, 1976, and contained a confession of one burglary. The second was taken in May, 1976, and in it the defendant admitted 21 burglaries. The last statement introduced was taken August 12, 1975, and a separate objection was offered to this statement because the defendant had been adjudicated a youthful offender in connection therewith. The court instructed the jury, before and after that testimony, that proof of the commission of other crimes was not to be considered as demonstrating a criminal disposition to commit burglaries by the defendant, but only on the limited issue of the defendant's intent to commit the crime charged. The defendant urges principally that the admission of the proof of the prior burglaries is reversible error. The basic rule in regard thereto is that proof of other unrelated, uncharged crimes is inadmissible to establish that the defendant had a criminal bent or disposition to commit such crimes (Richardson, Evidence [10th ed], § 170, p 139). *People v Molineux* (168 NY 264) enumerated five nonexclusive exceptions to the rule, one of which is to show intent. (See, also, *People v Schwartzman*, 24 NY2d 241, 248.) While the criminal intent to commit larceny in this rather usual burglary case could ordinarily be inferred by the jury from the testimony of the prosecution witnesses offered on the People's direct case and would preclude proof by the prosecution of other crimes at that time in the trial, the exception to the rule is applicable where the affirmative proof offered by the defense on its direct case showed that the defendant had entered the building to obtain the photographs under the threat of a letter and phone call and not to commit larceny. This proof, offered by the defendant, made the intent element equivocal and subject to proof of other crimes, to negate the proof offered by the defense of lack of intent (see *People v McKinney,* 24 NY2d 180, 184-185). To counteract this defendant's evidence, the probative value of the proof of other crimes outweighs the possible prejudice to the defendant *(People v Allweiss,* 48 NY2d 40; *People v Dales,* 309 NY 97), and the trial court properly exercised its discretion in allowing such proof *(People v Santarelli,* 49 NY2d 241; *People v Shields,* 46 NY2d 764). Furthermore, the instructions of the trial court limiting that proof to the issue of intent were correct and complete as given. The other crimes were all committed about two years before the present charge which does not render them too remote and although they numbered 23, 21 of that number were all contained in one statement which would be impossible to redact. The fact that the defendant was adjudged a youthful offender in connection with the last statement introduced, containing defendant's confession of one

burglary, is of no consequence. The adjudication was not mentioned in the statement, only the underlying act. Such act would properly be used for impeachment if the defendant took the stand and can also be used as proof of other crimes when permissible. In this trial pattern the proof of other unrelated crimes was properly received under adequate limiting instructions. However, because of the admission of proof of other crimes, the trial court committed reversible error in its charge, where the court stated "that it matters not whether the object of the larceny was a car, car parts, tools, equipment or even if you believe the defendant's version, photographs which did not belong to him, since it is the unlawful entry and intent to steal whatever it may have been which is critical here", to which proper exception was taken by the defense. The prosecution cannot have it both ways. If the defendant's version, i.e., that the defendant entered the building to obtain photographs pursuant to threats and not to steal anything, is held to be so equivocal on the issue of intent, as to allow proof of the commission of other uncharged crimes, then the defendant's entry into the building for that purpose cannot be said to be for the purpose of stealing the photographs as charged by the court. On the other hand, if the defendant could be convicted for entering the building with the intent to steal even the photographs, the element of intent is not equivocal and the introduction of the proof of other uncharged crimes would be prejudicial. The proof of other crimes having been admitted, the above-quoted portion of the trial court's charge to which exception was duly taken constitutes reversible error. Judgment reversed, on the law, and a new trial ordered. Mahoney, P. J., Main and Casey, JJ., concur.

Sweeney and Herlihy, JJ., dissent and vote to affirm in the following memorandum by Sweeney, J. Sweeney, J. (dissenting). We are unable to agree with the majority and, therefore, dissent and vote to affirm. A reading of the charge in its entirety clearly demonstrates that the court fairly presented the evidence and applicable rules of law to the jury. Furthermore, the proof is overwhelming that defendant was guilty of burglary.