■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVONNE BOWLES, Appellant.—Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered June 24, 1986 which convicted defendant, after a jury trial, of grand larceny in the third degree and sentenced her to a 2- to 4-year prison term, unanimously reversed, on the law, and the case remanded for a new trial.

Appellant was arrested in Macy's department store after she allegedly stole a wallet from the handbag of a customer waiting on line at the cosmetics counter. After a Sandoval hearing prior to trial, the court allowed the prosecutor to

cross-examine the defendant about her extensive arrest record which includes many crimes similar to the offense charged and which were remote in time. We find that the court failed to appropriately balance the relevant factors necessary to a fair *Sandoval* determination. Since this effectively precluded defendant from testifying in her own behalf and prevented her, as the sole defense witness, from presenting her version of the incident, she was deprived of a fair trial.

At the hearing, the court referred to defendant's NYSIS sheet which listed 44 arrests dating back to 1969. After eliminating those arrests which did not result in a conviction and those which were more than 10 years old, the People requested that they be allowed to use 13 prior crimes to impeach appellant. The court ruled that the People would be permitted to inquire about all 13 crimes at trial. In six convictions the court allowed inquiry only into the fact that appellant was convicted of a crime, while in the other seven instances full examination into the nature of the conviction and the underlying facts was permitted. Included among these convictions were crimes similar to the instant case, such as jostling, attempted robbery, attempted grand larceny (the identical crime for which defendant was tried here), and criminal trespass which arose at Macy's, the very store where the instant offense is alleged to have taken place.

At the trial, after presentation of the People's case which consisted of the testimony of the complaining witness who gave her version of the events, the defendant stated to the court: "You let out 13 of my prior convictions. I might have took the stand if you let out 3 or 4. You let out 13. That's to discredit my testimony on the stand, 13 of them, 12, whatever you let out. You might have let out the whole record."

Pursuant to *People v Sandoval* (34 NY2d 371) and its progeny, a trial court has an obligation to strike a balance between the prosecutor's right to impeach a defendant's credibility and the danger of establishing in the minds of the jury a propensity by the defendant to commit the crime charged. A balance must be struck between the probative worth of evidence of defendant's prior criminal acts on the issue of defendant's credibility and the risk of unfair prejudice to the defendant, measured both by the impact of such evidence, if admitted after defendant's testimony, and by the effects its probable introduction may have in discouraging defendant from taking the stand. *(People v Sandoval, supra,* 34 NY2d, at 375.)* Here, the trial court failed to discharge its obligation to strike such a proper balance.

The sheer number of the defendant's prior convictions which were permitted to be disclosed was more damaging to the defendant than was appropriate or necessary to the jury's evaluation of defendant's credibility. *(People v Hicks,* 88 AD2d 519.)* As this court aptly noted in *People v Coe* (95 AD2d 685), where the number of previous convictions is likely to invite the jury to infer a propensity to commit crimes, even where the nature of the convictions is omitted (as it was for six crimes here), the preferable approach is to limit the number of convictions that may properly be elicited to no more than those few necessary for a proper evaluation of defendant's credibility. Here, the court accorded no consideration to the prejudicial impact which would ensue from allowing the People to inquire as to all 13 crimes, a number far in excess of what was reasonably necessary and relevant to the credibility issue.

The court also failed to strike a proper balance by allowing the People to extensively cross-examine the defendant on prior crimes which were extremely similar in nature to the instant charge. There is a particular danger in allowing cross-examination of a defendant regarding similar prior crimes since the jury may be swayed to take this as some proof of the commission of the crime charged, or to view a person convicted of committing a similar crime in the past as having a propensity to commit the crime charged. That was especially the case here, where so many of defendant's prior crimes involved petty thefts similar to the crime charged. Accordingly, such extensive cross-examination should have been sharply curtailed, particularly in connection with the conviction for trespassing in Macy's which was shown to be predicated upon defendant's violation of a prior directive prohibiting her from entering that store because she had committed many petit larcenies there. It was an abuse of discretion to permit the prosecution the right to cross-examine defendant as to the underlying facts of such a great number of these extremely similar crimes. The prejudice to the defendant is manifest. *(See, People v Acevedo,* 83 AD2d 813.)

Based upon the foregoing, we find that the trial court's *Sandoval* ruling constituted an abuse of discretion. It is clear from the record that in the face of a more appropriately balanced *Sandoval* ruling defendant would have testified in her own behalf. Accordingly, defendant was denied a fair trial and the judgment should be reversed. Concur—Carro, J. P., Asch, Rosenberger, Ellerin and Wallach, JJ.