■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CRAWFORD, Appellant.—

Defendant was permitted to enter a New York University building after having falsely represented to a security guard that he was to meet his sister inside. Thereupon, the defendant descended to the building's basement where he appropriated a tape recorder belonging to the university. The tape recorder was discovered secreted on defendant's person by a security guard as defendant attempted to leave the building.

Defendant was charged with burglary in the third degree which requires for its proof evidence that the accused has knowingly entered or remained in a building unlawfully with the intention of committing a crime therein (Penal Law § 140.20). In his defense, the defendant contended that at the time of the charged offense he was intoxicated, having consumed liberal quantities of various drugs earlier in the day, and was, therefore, unable to form the specific intent to

commit a crime. An expert testified that had defendant ingested the drugs he claimed, he most probably would not have been able consciously to intend anything.

The prosecution sought and was permitted, over objection, to introduce evidence that defendant had previously been convicted of attempted burglary. In its charge, the court instructed the jury: "The evidence as to the defendant's previous conviction was submitted to you and allowed to come before you so that you might consider it to whatever extent you consider it appropriate, so that you might consider it on the question of defendant's intent to commit a crime within the premises at—on the N.Y.U. premises on Broadway. It bears only on the question of the defendant's specific intent to commit a crime inside that place."

Initially, defendant contends that he was given permission to enter the premises by the security guard and that his presence within the building was, therefore, legal, precluding his conviction for burglary. The evidence, however, indicated that defendant had obtained permission by misrepresenting his purpose, and it is well established that when consent to enter is obtained by misrepresentation no license arises as would defeat a prosecution for burglary (*People v Thompson,* 116 AD2d 377, 380-381).

The conviction must nevertheless be reversed and a new trial had due to the erroneous admission of evidence of defendant's attempted commission of an unrelated burglary. As indicated, the evidence was received solely to show that defendant's actions were accomplished by the *mens rea* necessary to sustain a burglary conviction. While there was an issue as to the defendant's intent on the occasion charged, its resolution was not properly affected by evidence that the defendant had on a previous unrelated occasion attempted a burglary. The evidence of the prior attempt disclosed nothing upon which the jury was entitled to rely respecting the defendant's intent in the present matter. Rather, the natural consequence of the evidence would have been to encourage the jury to convict upon the impermissible speculation that the defendant was a man prone to burgle. It is, of course, well established that evidence demonstrative of no more than criminal propensity is inadmissible in proof of the crime charged (*People v Molineux,* 168 NY 264, 291-293; *People v Santarelli,* 49 NY2d 241, 247; *People v Alvino,* 71 NY2d 233, 241).

While evidence of uncharged crimes is sometimes considered proper on the issue of intent, it is most frequently in cases

where successive repetitions of acts closely resembling those for which the defendant is being tried tend to reduce the likelihood that the defendant's conduct was in fact innocent *(see, e.g., People v Alvino, supra; Matter of Brandon,* 55 NY2d 206). Clearly, the attempted commission of a lone prior burglary affords no reliable basis to infer a similarly culpable state of mind on the occasion of a subsequent unauthorized entry *(cf., People v Gross,* 74 AD2d 701, where a history of 23 burglaries was deemed probative of the defendant's specific intent in the commission of the burglary charged).

As the court's charge permitted and, indeed, effectively encouraged such an inference in a case where the defendant's culpability was the central issue, the error cannot be deemed harmless. Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Rubin, JJ.