■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES DUUVON, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J., at hearing; Martin Rettinger, J., at trial and sentence), entered August 16, 1988, convicting defendant, after a jury trial, of one count of robbery in the first degree (Penal Law § 160.15 [4]) and two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [b]) and sentencing him, as a second violent felony offender, to concurrent indeterminate terms of imprisonment of from 7 to 14 years and from 5 to 10 years on the charges of first degree robbery and one count of second degree robbery, to be served consecutive to an indeterminate term of imprisonment of from 5 to 10 years on the remaining robbery count, unanimously affirmed.

Contrary to defendant's contention, the showup identification was not so unnecessarily suggestive as to create a substantial likelihood of misidentification *(People v Adams,* 53 NY2d 241, 251). While showup procedures, by their nature, contain suggestive elements, they are permissible "if exigent circumstances require immediate identification * * * *or* if the suspects are captured at or near the crime scene and can be viewed by the witness immediately" *(People v Riley,* 70 NY2d 523, 529 [emphasis added], citing *People v Love,* 57 NY2d 1023). The fact that defendant was handcuffed in the patrol car alone does not transform a viewing into an unduly suggestive one *(see, e.g., People v Johnson,* 102 AD2d 616, 627). Nor can defendant now rely on the witness's statement at trial that the police told her they had caught the robber. Not only was the statement not supported by the trial testimony of police officers, but it would not have been a surprise to the witness that the police believed the person they had apprehended immediately after the robbery was the perpetrator. In addition, because counsel neither moved to reopen the hearing nor have the court reconsider its decision in light of the trial revelation, the argument has not been preserved for appellate review (CPL 470.05). Finally, any error regarding the admission of this testimony must be considered harmless in light of the overwhelming evidence of guilt *(People v Crimmins,* 36 NY2d 230, 242-243), including identification of the store manager and the driver of the cab in which the defendant attempted to escape after the second robbery.

Defendant was also properly adjudicated a second violent felony offender. After being provided with a copy of the People's statement and conferring with counsel, defendant admitted he was the person named in the statement and acknowledged that he did not wish to challenge the constitutionality of the prior conviction (CPL 400.21; *People v Harris,* 61 NY2d 9, 20). Concur—Ross, J. P., Carro, Kassal, Ellerin and Rubin, JJ.