■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN RUIZ, Appellant.—Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered January 24, 1991, convicting defendant, after a jury trial, of burglary in the second degree, criminal possession of stolen property in the fifth degree, criminal mischief in the fourth degree, and petit larceny, and sentencing him to concurrent terms of imprisonment of 8 years to life, 1⅓ to 4 years, 1 year, and 1 year, respectively, unanimously affirmed.

Giving due deference to the hearing court's findings of credibility and fact *(People v Rivera,* 121 AD2d 166, *affd* 68 NY2d 786), and contrary to defendant's claim on appeal, we hold the police had probable cause to arrest defendant, based upon the combined circumstances that he fit the description of a "burglary in progress" suspect; he was observed attempting to exit the premises in question while hugging a white plastic

bag to his body; and he fled at the sight of the police and threw the bag at an officer, who simultaneously received a report from a bystander that defendant said he had a gun *(People v De Bour,* 40 NY2d 210).

The immediate, on-the-scene showup procedure was reasonable in the circumstances *(People v Hicks,* 68 NY2d 234, 242), and there is no merit to defendant's claim that because he was handcuffed and sitting in a patrol car at the time of the showup the procedure was rendered unduly suggestive *(People v Duuvon,* 77 NY2d 541, 545, *affg* 160 AD2d 653).

We have considered defendant's additional arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Rubin, JJ.