■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK E. FULLER, Appellant. [602 NYS2d 287] —Judgment unanimously reversed on the law and new trial granted. Memorandum: The absence of defendant from the in-chambers *Sandoval* hearing deprived him of his constitutional and statutory right to be present at all material stages of his trial *(see,* US Const 6th, 14th Amends; NY Const, art I, § 6; CPL 260.20; *People v Dokes,* 79 NY2d 656; *People v Kirkland,* 188 AD2d 1083; *People v Dean,* 188 AD2d 1082). We reject the People's argument that defendant's presence would have been superfluous *(see, People v Gebrosky,* 80 NY2d 995; *People v Dokes, supra,* at 662; *People v Kirkland, supra).* Also unavailing is the People's contention that the rule enunciated by the Court of Appeals in *People v Dokes (supra)* need not be applied retroactively *(see, People v Mitchell,* 189 AD2d 337, 339, citing *People v Alexander,* 80 NY2d 801).

Because a new trial is required, we note our disagreement with the trial court's ruling that cross-examination of defendant regarding his prior conviction for burglary is permissible under both the *Molineux* and *Sandoval* doctrines *(see, People v Molineux,* 168 NY 264; *People v Sandoval,* 34 NY2d 371). At trial, defendant admitted breaking into a dwelling but offered evidence of his intoxication to negate the element of intent required for the commission of burglary in the second degree *(see,* Penal Law § 15.25). The People were permitted to inquire into the underlying facts of a prior burglary for the purpose of showing that defendant intended to commit the burglary charged. In our view, the underlying facts of a prior, unrelated burglary had little, if any, probative value with respect to defendant's intent to commit the present crime *(see, People v Crawford,* 158 AD2d 353). Further, allowing evidence of the prior crime invited the jury to find the defendant guilty based upon impermissible speculation that he had the propensity to commit burglary *(see, People v Crawford, supra; see generally, People v Alvino,* 71 NY2d 233; *People v Molineux, supra).*

Similar reasoning compels the conclusion that the trial court failed to strike a proper balance between the probative

worth of defendant's prior burglary on the issue of credibility and the risk of unfair prejudice to defendant under *Sandoval (see, People v Sandoval, supra,* at 375; *People v Bowles,* 132 AD2d 465, 466, *lv denied* 70 NY2d 798; *People v Riddell,* 115 AD2d 986, 987). Because of the similarity of the prior burglary to the present charge, the minimal probative value of the conviction was clearly outweighed by its prejudicial impact *(see, People v Bowles, supra).* (Appeal from Judgment of Cattaraugus County Court, Kelly, J.—Burglary, 2nd Degree.) Present—Callahan, J. P., Green, Fallon, Boomer and Davis, JJ.