■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLYDE HAGEN, Appellant. [669 NYS2d 49] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered June 25, 1996, convicting him of robbery in the second degree and criminal possession of stolen

property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Any claim of error with respect to the court's decision to re-seat a sworn juror after she had been discharged for illness is unpreserved for appellate review since the defendant never objected to this procedure or moved for a mistrial on this ground (*see, People v Finley,* 236 AD2d 622). In any event, although the court initially erred when it discharged the sworn juror in the absence of defense counsel (*see, People v Johnson,* 189 AD2d 318, 320), any prejudice to the defendant was ameliorated when the court recalled the juror and provided defense counsel with the opportunity to question her nunc pro tunc before reseating her (*see, People v Camacho,* 90 NY2d 558; *People v Irizarry,* 165 AD2d 715).

Furthermore, in this case the trial court did not improvidently exercise its discretion in failing to impose a sanction for the prosecution's failure to turn over *Rosario* material, which had been destroyed. The defendant was supplied with so-called "Sprint reports" of the complainant's telephone calls to the 911 emergency number, as well as audiotapes of the police radio transmissions concerning the robbery of a taxicab driver. The defendant correctly contends that the "Sprint reports" are not the "duplicative equivalents" of 911 tapes (*see, People v Joseph,* 86 NY2d 565). However, since the defendant's statement acknowledged that he was in the complainant's taxicab, identification was not in issue (*cf., People v Wallace,* 76 NY2d 953; *People v Huynh,* 232 AD2d 655, 656). It was the defendant's burden to show that the inadvertent loss or destruction of the original 911 tapes prejudiced him before he was entitled to a sanction at trial (*see, People v Joseph,* 86 NY2d 565, 571, *supra; People v Banch,* 80 NY2d 610, 616; *People v Haupt,* 71 NY2d 929, 930-931; *People v Martinez,* 71 NY2d 937, 940). The defendant has not shown how he was prejudiced since he did not identify a single source of cross-examination that was foreclosed (*see, People v Poole,* 48 NY2d 144; *People v Gibbs,* 211 AD2d 641; *People v Grice,* 203 AD2d 587, 588).

The evidence concerning the codefendant's flight was properly admitted in order to complete the narrative of the events (*see, People v Cabrera,* 238 AD2d 603; *People v Leach,* 196 AD2d 508). We note that any prejudice was properly ameliorated by the court's limiting instruction to the jury (*see, People v Santiago,* 158 AD2d 629).

The defendant's contentions with respect to the jury charge are either unpreserved for appellate review (*see,* CPL 470.05

[2]) or do not require reversal. Miller, J. P., O'Brien, Copertino and McGinity, JJ., concur.