■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY JACKSON, Appellant. [768 NYS2d 40]—

Cardona, P.J. Appeal from a judgment of the County Court of Albany County (Giardino, J.), rendered August 22, 2001, upon a verdict convicting defendant of the crimes of burglary in the second degree and criminal possession of stolen property in the fifth degree.

Defendant was indicted for attempted burglary in the second degree, burglary in the second degree and criminal possession of stolen property in the fifth degree, all stemming from criminal activity occurring at two separate residences in the Town of Colonie, Albany County, on November 3, 2000. Following a combined *Dunaway/Wade/Mapp* hearing, evidence seized from defendant's pockets during a street encounter with the police was suppressed because their contents could not reasonably be identified as weapons. However, it was determined that a showup identification made during the encounter by one of the homeowners was neither the result of an illegal detention nor unduly suggestive. During trial, evidence of the showup procedure and an in-court identification based upon it were admitted into evidence. At the close of proof, the jury found defendant guilty of burglary in the second degree and criminal possession of stolen property in the fifth degree, but did not reach a unanimous verdict on the attempted burglary charge. County Court accepted the partial verdict, sentenced defendant as a persistent violent felony offender to a prison term of 20 years to life and dismissed the attempted burglary charge with the People's consent.

Before addressing defendant's suppression arguments, we set forth the pertinent facts drawn from the suppression hearing. On November 3, 2000, at approximately noon, Colonie Police Investigator Jonathan Teale responded to the scene of an attempted burglary at the home of Joseph Severance. Teale was given a description of the suspect by other police officers as a black man, approximately five feet, five inches, with long hair tied back, wearing dark, baggy jeans and a red-colored jacket. Teale began driving through the surrounding neighborhoods looking for the suspect. At about 2:00 P.M., he observed defendant, an African-American male, who he described as five feet,

five inches, wearing baggy jeans, a tan multicolored jacket, earphones, with long hair tied back in a pony tail, walking in a nearby neighborhood in the vicinity of Hearthstone and Windsor Drives, less than a mile from Severance's home. Teale called for backup, asked to have Severance brought over and identified himself as a police officer. He questioned defendant and, subsequently, another officer conducted a pat-down search since defendant appeared nervous and had bulging pants pockets. A search of those pockets revealed, among other things, an Aiwa walkman. The testimony further indicated that upon his arrival, Severance identified defendant as the person who had attempted to gain entrance to his home through his back door. Defendant was taken into custody.

Defendant makes two arguments in support of his contention that his suppression motion was improperly denied. First, defendant argues that the identification procedure was premised upon an illegal police detention. We do not agree. The initial encounter constituted a common-law inquiry which was properly supported by a founded suspicion that criminality was afoot (*see People v Hollman*, 79 NY2d 181, 191-192 [1992]; *People v De Bour*, 40 NY2d 210, 223 [1976]; *People v Wojes*, 306 AD2d 754, 756 [2003], *lv denied* 100 NY2d 600 [2003]), inasmuch as defendant matched the general description of the attempted burglary suspect. Therefore, the detention was permissible.

Second, defendant argues that the showup was impermissible. A showup identification, in the absence of exigent circumstances, will be upheld if reasonable and not unduly suggestive (*see People v Brisco*, 99 NY2d 596, 597 [2003]; *People v Ortiz*, 90 NY2d 533, 537 [1997]). The reasonableness element is satisfied by "[p]roof that the showup was conducted in close geographic and temporal proximity to the crime" (*People v Ortiz, supra* at 537). Here, a review of the minutes of the suppression hearing reveals that the showup occurred less than a mile from the crime scene, in the early afternoon following the attempted burglary "and in the context of a continuous, ongoing investigation" (*People v Brisco, supra* at 597). Therefore, we conclude that the showup was reasonable. We also find that the identification was not unduly suggestive. Defendant stood outside an unmarked police car when observed by Severance. He was not handcuffed and, other than a request to look at defendant, the officers made no statements which could have tainted the identification procedure.

Next, we address defendant's argument that the trial evidence was legally insufficient to support his conviction for burglary in the second degree. We note that a verdict will be upheld

as legally sufficient when, viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), "there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" and every element of the crime charged is established beyond a reasonable doubt (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v Rayam*, 94 NY2d 557, 560 [2000]; *People v Love*, 307 AD2d 528, 529 [2003]). A burglary in the second degree occurs when a person "knowingly enters or remains unlawfully in a building with an intent to commit a crime therein" and "[t]he building is a dwelling" (Penal Law § 140.00 [2]; § 140.25 [2]).

At trial, Severance testified that an individual he described to the police as a black man, age 22 or 23, about 5 feet, 10 inches, weighing 180 pounds, with tight black hair in corn rows, wearing a reddish cranberry hooded sweatshirt, baggy blue jeans and headphones attempted to break into his house on the morning of November 3, 2000. Severance indicated that later on the same day he identified defendant as that individual at a police showup conducted near the intersection of Hearthstone and Windsor Drives, about one quarter of a mile from his residence. He then made an in-court identification of defendant as the person who attempted to burglarize his home. The trial evidence further revealed that while in custody at the police station, defendant was observed kicking some $2 bills under a desk which were recovered. During this time, the police received a report from Lynne Vella that her home on Hearthstone Drive had been broken into and a brown pullover fleece, an Aiwa walkman and five $2 bills were taken. During the investigation at the Vella residence, the police found a cranberry-red hooded sweatshirt and a walkman which did not belong to anyone in the household. Vella identified the brown fleece and the Aiwa walkman seized from defendant,* together with the five $2 bills, as property removed from her residence.

We find defendant's apprehension in Vella's neighborhood and his recent, exclusive and unexplained possession of the property removed from her residence without her permission legally sufficient to support his conviction for burglary in the second degree beyond a reasonable doubt (*see People v Baskerville*, 60 NY2d 374, 381-382 [1983]; *People v Rohena*, 186 AD2d 509, 510 [1992], *lv denied* 81 NY2d 794 [1993]; *People v Sim*, 53 AD2d 992, 993 [1976], *affd* 44 NY2d 758 [1978]). Moreover,

---

* County Court ruled during the trial that defense counsel opened the door to receipt of evidence concerning defendant's possession of the previously suppressed Aiwa walkman. Defendant has not challenged that ruling.

upon the exercise of our factual review power we find that the verdict was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Bleakley, supra* at 495).

We have also examined whether defendant's sentence was harsh and excessive. The term of imprisonment imposed was authorized under the persistent violent felony offender statute and was not the maximum permitted (*see* Penal Law § 70.08 [2], [3] [b]). Given defendant's criminal history, which includes, among other offenses, convictions for burglary in the second degree, attempted burglary in the second degree and attempted robbery in the second degree, we cannot say that County Court erred in determining that defendant was a persistent violent felony offender or abused its discretion in imposing a minimum sentence of 20 years. Furthermore, we find no extraordinary circumstances warranting modification in the interest of justice (*see* CPL 470.15 [3] [c]; [6] [b]).

Defendant's remaining arguments, including those in his pro se brief, have been examined and found to be unpersuasive.

Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.