■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER L. ARMSTRONG, Appellant. [783 NYS2d 134]—

Mercure, J.P. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered October 10, 2000, upon a verdict convicting defendant of the crime of burglary in the second degree.

Defendant was indicted for the crime of burglary in the second degree in connection with an incident that occurred in October 1999 at the home of Shirley Balko (hereinafter the victim). After finding a man hiding behind the door to a second-story bedroom in her house at approximately 4:00 A.M., the victim fled, called 911 and provided a description of the man. The victim provided a second, more detailed description to State

Troopers who arrived at her residence shortly after she placed the 911 call.

Two Troopers dispatched to another crime scene observed defendant walking along a road near the victim's residence within an hour after the victim's 911 call. Upon determining that defendant matched the radioed description of the burglary suspect, the Troopers proceeded to stop, handcuff and search him. They then contacted Troopers Michael Bousquet and Daniel Shea, who were still investigating the burglary. After Bousquet and Shea arrived, they brought defendant to the victim's home, where she identified him as the man she had found in her house. Following a jury trial, defendant was convicted as charged and sentenced to a term of seven years in prison. Defendant appeals, and we now affirm.

Initially, defendant argues that the showup identification was overly suggestive and that the victim's identification of him should have been suppressed. Generally, a showup identification is permissible if reasonable and not unduly suggestive (*see People v Brisco*, 99 NY2d 596, 597 [2003]; *People v Jackson*, 2 AD3d 893, 895 [2003], *lv denied* 1 NY3d 629 [2004]). The necessary reasonableness is demonstrated "by '[p]roof that the showup was conducted in close geographic and temporal proximity to the crime' " (*People v Jackson, supra* at 895, quoting *People v Ortiz*, 90 NY2d 533, 537 [1997]). A showup is not unduly suggestive if it occurs "under circumstances which were 'not so unnecessarily suggestive as to create a substantial likelihood of misidentification' " (*People v Hughes*, 287 AD2d 872, 875 [2001], *lv denied* 97 NY2d 656 [2001], quoting *People v Duuvon*, 160 AD2d 653, 653 [1990], *affd* 77 NY2d 541 [1991]). A review of the suppression hearing transcript reveals that the showup was conducted at the victim's residence—the scene of the crime—approximately 45 minutes after she placed her 911 call. Under these circumstances, we cannot say that the showup was unreasonable. Nor does the fact that defendant was identified while handcuffed and seated in a patrol car render the showup impermissibly suggestive as a matter of law (*see People v Hall*, 208 AD2d 1044, 1045 [1994]; *People v Carbonaro*, 162 AD2d 459, 459 [1990], *lv denied* 76 NY2d 891 [1990]), as defendant asserts.

We also reject defendant's argument that his conviction is not supported by legally sufficient evidence and the verdict is against the weight of the evidence. Burglary in the second degree is established by proof that the defendant "knowingly enter[ed] or remain[ed] unlawfully in a building with intent to commit a crime therein . . . when . . . [t]he building [was] a

dwelling" (Penal Law § 140.25 [2]). Here, the victim had ample opportunity to observe defendant when she discovered him within her home at 4:00 A.M. and, indeed, she unequivocally identified him at trial. Contrary to defendant's argument, the testimony of a single witness may be sufficient to support a conviction (*see People v Calabria*, 3 NY3d 80, 82 [2004]). Moreover, we note that "where a defendant is discovered inside a building without permission, his intent to commit a crime therein may be inferred from the circumstances" (*People v Ferguson*, 285 AD2d 838, 839 [2001], *lv denied* 97 NY2d 641 [2001]). Viewing the evidence in the light most favorable to the People, as we must (*see People v Calabria, supra* at 81; *People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that a rational trier of fact could have determined beyond a reasonable doubt that defendant committed burglary in the second degree (*see People v Rivera*, 301 AD2d 787, 789 [2003], *lv denied* 99 NY2d 631 [2003]; *People v Pennisi*, 207 AD2d 914, 915 [1994], *lv denied* 84 NY2d 909 [1994]). Further, considering the evidence in a neutral light, we conclude that the verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Finally, defendant contends that the People's failure to preserve the tape of the victim's 911 call is prejudicial and requires reversal of his conviction. To the extent that defendant argues that the People failed to produce the tape at the suppression hearing, it is well settled that where, as here, a defendant fails to request *Rosario* material at a pretrial hearing, the People are under no obligation to produce the material at that stage of the proceedings (*see* CPL 240.44; *People v Giordano*, 296 AD2d 714, 716-717 [2002], *lv denied* 99 NY2d 582 [2003]). Further, although the People were required to preserve the 911 tape and make it available to defendant at trial (*see* CPL 240.45 [1] [a]), defendant failed to demonstrate that he was prejudiced by the failure to produce the tape. As noted above, Bousquet stated that upon arrival at the victim's house, he received a more detailed description of the burglary suspect than that provided in the 911 call and the second, more detailed description provided the basis for defendant's detention. Inasmuch as Bousquet was available at trial for cross-examination, we conclude that defendant was not prejudiced by the loss of the 911 tape (*see People v Hagen*, 247 AD2d 405, 406 [1998], *lv denied* 91 NY2d 1008 [1998]).

We have considered defendant's remaining arguments, including his contentions that the police lacked probable cause to detain him and that his sentence was excessive, and conclude that they are either unpreserved or lacking in merit.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.