■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LOCKHART, Appellant. [784 NYS2d 686]—

Cardona, P.J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 30, 2001, upon a verdict convicting defendant of the crime of burglary in the second degree.

In August 2000, defendant was indicted for burglary in the second degree stemming from a break-in at the home of Nicholas Sabatino (hereinafter the victim) at 56 Forest Avenue in the City of Albany on December 10, 1999. Following a jury trial, defendant was convicted of the charge and sentenced, as a second felony offender, to a 15-year prison term followed by a five-year period of postrelease supervision.

On this appeal, defendant first contends that a showup

identification was improper in that it was unreasonable and unduly suggestive. Therefore, he argues that evidence of the showup and the victim's in-court identification should have been suppressed. A showup may be conducted in the absence of exigent circumstances provided it is reasonable, i.e., carried out "in close geographic and temporal proximity to the crime," and the procedure utilized is not unduly suggestive (*People v Brisco*, 99 NY2d 596, 597 [2003]; *see People v Ortiz*, 90 NY2d 533, 537 [1997]). The evidence at the suppression hearing indicated that on December 10, 1999 at around 1:00 P.M., Albany Police Detective Timothy Leonard responded to a 911 call which reported that a person was acting suspiciously when approaching doors along Forest Avenue in Albany. The individual was described as a black male dressed in a black coat, blue jeans and wearing white sneakers. Leonard spoke with the source of the 911 call, a resident of Forest Avenue, who stated that she observed a black male jiggle her front door and leave.

Albany Police Officer Peter Isaacson, who had also responded, was parked a few blocks away and observed the victim's car drive up behind his patrol car. The victim told him that a person described as a black male, approximately 30 to 35 or 35 to 40, dressed in dark clothing and wearing a hat, broke a window at his home at 56 Forest Avenue with a brown umbrella and entered into his entranceway. Isaacson broadcast the description of the individual and added the brown umbrella. He then returned to the victim's home, observed the broken window and, thereafter, drove the victim around the area looking for the intruder.

Leonard observed defendant, who matched the description and carried a brown umbrella, walking eastbound on New Scotland Avenue not far from Forest Avenue. He broadcast that information, stopped defendant asking his name, where he was coming from and where he was going. Defendant gave his name and stated that he had left his girlfriend's house and was going to St. Peter's Hospital, which the detective knew was in the opposite direction. Leonard told defendant that he matched the description of a person acting suspiciously and asked if he would wait for someone to see if he was the person involved. Defendant agreed and Isaacson brought the victim to the scene for a showup. Isaacson told the victim that there was someone in the area who matched the description and he would be asked to view him and indicate whether he was the person who entered his home. Upon arrival, the victim observed defendant from the patrol car at a distance of 15 to 20 feet. Defendant, not handcuffed, stood near Leonard and two uniformed officers.

The victim identified defendant as the person who broke into his home, and defendant was arrested. Approximately 10 minutes had elapsed between the time the victim first talked to Isaacson about the break-in and the time of the showup.

Based upon the foregoing facts, we agree with County Court that the showup was reasonable and not unduly suggestive. We find that it was "conducted in close geographic and temporal proximity to the crime" (*People v Ortiz, supra* at 537; *see People v Hughes*, 287 AD2d 872, 875 [2001], *lv denied* 97 NY2d 656 [2001]). That uniformed officers stood near defendant during the showup and he was viewed while holding the umbrella (*see generally People v Lewis*, 287 AD2d 888, 889 [2001], *lv denied* 97 NY2d 684 [2001]) were not factors "so unnecessarily suggestive as to create a substantial likelihood of misidentification" (*People v Hughes, supra* at 875, quoting *People v Duuvon*, 160 AD2d 653, 653 [1990], *affd* 77 NY2d 541 [1991]).

Next, defendant argues that County Court erred when it permitted the People to introduce evidence in their case-in-chief of a different burglary because of defendant's possession, at the time of his arrest, of various items of property stolen on the same day from a home on Glendale Avenue, some two blocks from Forest Avenue. While evidence of the other burglary would not be admissible to show defendant's propensity to commit the burglary charge under consideration, County Court properly admitted it after determining that its probative value on the issue of intent outweighed the potential prejudice to defendant (*see People v Beam*, 57 NY2d 241, 250 [1982]; *People v Wright*, 5 AD3d 873, 875 [2004], *lv denied* 3 NY3d 651 [2004]; *compare People v Park*, 12 AD3d 942, 943 [2004]).

Intent to commit a crime is an essential element of burglary in the second degree (*see* Penal Law § 140.25). Here, defendant's intent upon entry into the victim's home was at issue based upon his statement to the victim when confronted. He stated that he entered the victim's home to advise him that "[another] kid broke the window and ran down the street." Defendant's possession of the property stolen from another home in the same neighborhood that day at the time of his arrest was probative of his intent to commit larceny upon his entry into the victim's home. Moreover, County Court gave appropriate limiting instructions during the People's summation and, again, in its final charge to the jury, that such testimony was not proof of propensity to commit burglary or any other crime but was admitted for the sole purpose of determining the intent of the accused at the time that he was alleged to have entered the victim's home (*see People v Allweiss*, 48 NY2d 40, 47-49 [1979]; *People v Lotmore*, 276 AD2d 901, 902 [2000], *lv denied* 96 NY2d 736 [2001]; *People v Gross*, 74 AD2d 701, 702 [1980]).

Defendant also argues that certain comments made during the prosecutor's summation deprived him of a fair trial. Specifically, he takes issue with the prosecutor's remarks that defendant got caught with his hand in the cookie jar, that he (the prosecutor) thought the victim made a good identification and defendant ended up burglarizing two homes. First, neither the "cookie jar" nor the "good identification" remarks were preserved for our review by appropriate objections (*see* CPL 470.05 [2]). In any event, we find that these remarks did not substantially prejudice defendant's trial when viewed "in the context of the entire summation and, even more, the entire trial" (*People v Galloway*, 54 NY2d 396, 401 [1981]; *see People v Alston*, 298 AD2d 702, 704 [2002], *lv denied* 99 NY2d 554 [2002]). Accordingly, we find the comments to be harmless error (*see People v Galloway, supra* at 401; *People v Crimmins*, 36 NY2d 230 [1975]). As for the "burglarizing two homes" statement, we note that County Court gave a prompt and explicit curative instruction and, therefore, we cannot say that County Court abused its discretion in denying defendant's motion for a mistrial (*see People v Durant*, 6 AD3d 938, 941 [2004], *lv denied* 3 NY3d 639 [2004]).

Next, we find unpersuasive defendant's claim that the sentence imposed was harsh and excessive. We note that defendant has an extensive criminal record and he was eligible to be treated as a persistent felony offender, but County Court exercised its discretion to sentence him as a second felony offender. Finding no clear abuse of discretion nor any extraordinary facts warranting modification of the sentence, we decline to disturb it (*see People v Sawinski*, 294 AD2d 667, 669 [2002], *lv denied* 98 NY2d 701 [2002]).

Finally, we have considered the arguments raised in defendant's pro se supplemental brief and find that they lack merit.

Mercure, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.