■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. SMITH, Appellant. [800 NYS2d 636]—

Rose, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered April 1, 2004, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the influence of alcohol and the traffic infractions of refusal of breath screening, failure to signal turn, failure to comply, failure to keep right and improper lane use.

Police officer Roberta Boyea stopped defendant after observing that he was operating a truck in excess of the speed limit. Upon approaching the truck, Boyea detected various signs that defendant had consumed alcoholic beverages, including glassy eyes, an odor of alcohol on his breath, impaired speech and impaired motor coordination. Defendant failed two field sobriety tests and declined to attempt two others, stating as to one that "I can't even do that sober." Defendant also refused to submit to an alco-sensor or breathalyzer test. While he was under arrest at the police station, but before *Miranda* warnings were given, defendant responded to Boyea's attempt to fingerprint him by stating that she "wouldn't be able to [do that] because he was intoxicated." When then told to wash his hands, defendant stated, "I'm drunk, but I know there's nothing in here" referring to a soap dispenser. Defendant later executed a waiver of indictment and consented to prosecution by a superior court information charging him with driving while intoxicated as a felony and related traffic infractions. County Court denied defendant's pretrial motion to suppress these statements, defendant was convicted as charged after a jury trial and he now appeals.

Initially, we note that spontaneous statements made while in custody which are not the product of questioning or its functional equivalent clearly are admissible regardless of whether *Miranda* warnings were given (*see People v Torres*, 21 NY2d 49, 54-55 [1967]; *People v Franklin*, 288 AD2d 751, 752-753 [2001], *lv denied* 97 NY2d 728 [2002]). Here, County Court's determination that the statements were spontaneous and not given in response to interrogation is supported by the record (*see e.g. People v Burns [Kidy]*, 281 AD2d 704, 705 [2001], *lvs denied* 96 NY2d 826, 831 [2001]; *People v Ryan*, 279 AD2d 713, 714 [2001], *lv denied* 96 NY2d 806 [2001]).

Defendant also argues that his conviction was against the weight of the evidence because Boyea, in her trial testimony, twice described defendant's condition on the night of his arrest as "impaired" rather than intoxicated. We do not agree. Although Boyea used the term "impaired" when first asked for her opinion, her further testimony and that of two other officers clearly presented their opinions that defendant was intoxicated. In his testimony, defendant admitted to consuming two alcoholic beverages and he largely failed to dispute Boyea's account of her field testing for alcohol intoxication. Given this evidence and defendant's inculpatory statements, we discern no reason to conclude that the jury "failed to give the evidence the weight it should be accorded" (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v Amato*, 1 AD3d 713, 716 [2003], *lv denied* 1 NY3d 594 [2004]).

Defendant's remaining contentions are also unavailing. There is no merit in his claim that his waiver of indictment was invalid (*see People v Powers*, 302 AD2d 685, 685-686 [2003]; *People v Barber*, 280 AD2d 691, 693 [2001], *lv denied* 96 NY2d 825 [2001]) and his challenge to County Court's submission of a consciousness of guilt charge to the jury is contradicted by his counsel's explicit consent to the charge.

Cardona, P.J., Mercure, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.