■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM C. WOODRIDGE, Appellant. [817 NYS2d 748]—

Mercure, J.P. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered January 6, 2005, upon a verdict convicting defendant of the crime of robbery in the third degree.

In June 2003, Shannon Rothmeyer and a group of friends were playing pool at a party in a strip club. Rothmeyer attempted to hand approximately $1,000 in cash to her friend Timothy Bidwell, but it fell to the floor. When Bidwell and another friend, Jared Scanlon, attempted to pick up the money, defendant stepped in, placed his foot on the money, pushed Scanlon out of the way, took the money, and left the club. Scanlon, Bidwell and another friend, Janette Cole, chased de-

fendant and saw him get into a car with a woman, Anna Young. Cole, who was pregnant, got behind the vehicle, which proceeded to bump her, knocking her down. Cole then got in front of the car, which hit her again, causing her to end up on the hood. Defendant got out, pulled Cole off the hood and threw her onto the side of the road. Cole first jumped back on the hood and then climbed off, and the vehicle left the scene. Approximately 10 minutes later, the police returned with defendant and Young, who were identified by multiple witnesses.

Thereafter, defendant was charged in an indictment with robbery in the third degree. Prior to trial, County Court denied defendant's motions to suppress the identification evidence and for dismissal of the indictment. The court did, however, direct that the physical evidence recovered from defendant and Young's vehicle be suppressed. Following trial, defendant was convicted as charged and sentenced to a prison term of $2^{1}/_{3}$ to 7 years. Defendant appeals and we now affirm.

Initially, defendant contends that his identification as the assailant was the result of an unduly suggestive police-arranged showup and, therefore, testimony regarding the identification should have been suppressed. It is well settled that showup identifications are permitted even in the absence of exigent circumstances, provided they are "reasonable, i.e., carried out in close geographic and temporal proximity to the crime, and the procedure utilized is not unduly suggestive" (*People v Lockhart*, 12 AD3d 842, 843 [2004], *lv denied* 5 NY3d 765 [2005] [internal quotation marks and citation omitted]). Here, the showup, which occurred on the street near the strip club, within approximately 10 minutes of the incident, was reasonable. Further, the minutes of the suppression hearing reveal that the procedures employed were not unduly suggestive. When defendant and Young were brought back to the scene, which was well lit, multiple witnesses who had ample opportunity to observe them during the incident—including Cole, Bidwell and two employees of the club, Joseph Darrow and Rhiannon Baer—identified them as the assailants. Contrary to defendant's argument, neither the police officers' question "were these the people," nor the fact that defendant and Young stood with police in front of a police car, rendered the showup "so unnecessarily suggestive as to create a substantial likelihood of misidentification" (*People v Lockhart, supra* at 844 [internal quotation marks and citations omitted]; *see People v Jackson*, 2 AD3d 893, 895 [2003], *lv denied* 1 NY3d 629 [2004]; *see also People v Golston*, 13 AD3d 887, 889 [2004], *lv denied* 5 NY3d 789 [2005]).

We further reject defendant's argument that the verdict was

based on legally insufficient evidence and against the weight of the evidence. The argument with respect to legal sufficiency is not preserved inasmuch as defendant failed to raise before County Court the specific contention now advanced before us. In any event, defendant's argument is unconvincing. His contention that the People failed to establish that he lacked authority to take the money is flatly contradicted by trial testimony that the money belonged to Rothmeyer, that defendant stepped in and took it after Rothmeyer dropped the money, and that Rothmeyer did not know defendant at the time of the incident. Further, Scanlon testified that defendant physically pushed him aside before picking up the money and leaving the club with it, as Rothmeyer's friends chased him. Viewing this evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that it established that defendant used the requisite amount of force for the purpose of preventing or overcoming the resistance to his stealing the money and was thus sufficient to support his conviction of robbery in the third degree (*see* Penal Law §§ 160.00, 160.05; *People v Monroe*, 277 AD2d 598, 599 [2000]; *see also People v Bleakley*, 69 NY2d 490, 495 [1987]). Moreover, " 'weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley, supra* at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]), we cannot say that the verdict is against the weight of the evidence.

Similarly unpersuasive is defendant's argument that reversal is required because County Court did not give an adverse inference charge regarding the People's conceded failure to preserve evidence by releasing the cash recovered to Rothmeyer. This issue is unpreserved because defendant did not object to the charge given or make any additional requests in response to the court's inquiry as to whether there were any exceptions (*see People v Lamont*, 21 AD3d 1129, 1133 [2005], *lv denied* 6 NY3d 835 [2006]). In addition, defendant's argument lacks merit. When the People fail in their obligation to preserve evidence, "the choice of 'appropriate' action is committed to the sound discretion of the trial court, [but] as a general matter the drastic remedy of dismissal should not be invoked where less severe measures can rectify the harm done by the loss of evidence" (*People v Kelly*, 62 NY2d 516, 521 [1984]; *see People v Dinsio*, 286 AD2d 517, 518 [2001], *lv denied* 97 NY2d 703 [2002], *cert denied* 536 US 942 [2002]). Here, County Court precluded the People from introducing any evidence regarding the recovery of the money from defendant and Young. In our view, this was an appropriate sanction (*see People v Kelly, supra* at 521) and, in

light of defendant's introduction of testimony regarding why he was found to be in possession of a large sum of cash on the day in question, an adverse inference charge was not warranted.

Defendant's remaining contentions have been considered and found to be lacking in merit.

Crew III, Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.