■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM STARKS, Also Known as WENDELL BOONE, Appellant. [828 NYS2d 700]—

Spain, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered July 23, 2004, upon a verdict convicting defendant of four counts of the crime of criminal possession of a weapon in the third degree.

In September 2003, police responded to a report of a shooting incident at Lincoln Elementary School in the City of Schenectady, Schenectady County. The police encountered defendant—who matched a description given by an eyewitness to the shooting—within a few blocks of the school. When asked at gunpoint to raise his hands, defendant complied and stated, "I wasn't shootin' at them, the Bloods were shootin' at me." The police then returned with defendant to the school where, after being identified by witnesses, he was arrested. A search of the area surrounding the school produced two firearms.

Defendant was charged with four counts of criminal possession of a weapon in the third degree. He moved to suppress his oral statement made to the police as well as his subsequent showup identification. Following a *Huntley/Wade* hearing, County Court (Giardino, J.) denied defendant's motion. During his jury trial, defendant requested permission to call a firearms expert to address the issue of whether it would have been possible to establish whether the firearms found at the scene had been fired. County Court (Hoye J.) denied the request. Defendant was convicted of all counts and sentenced to an aggregate prison term of five years with five years of postrelease supervision. On defendant's appeal, we affirm.

First, defendant argues that County Court (Giardino, J.) erred in refusing to suppress the statement he made when first stopped by police. Even assuming, as defendant contends, that he was in custody from the moment the police drew their weapons, "spontaneous statements made while in custody which are not the product of questioning or its functional equivalent clearly are admissible regardless of whether *Miranda* warnings were given" (*People v Smith*, 21 AD3d 587, 588 [2005], *lv denied* 5 NY3d 833 [2005]; *see People v Torres*, 21 NY2d 49, 54 [1967]).

Here, the police said nothing to defendant except to order him to put his hands up and defendant made the statement immediately, without any interrogation or provocation by police. Accordingly, the statement was properly admitted (*see People v Wilhelm*, 34 AD3d 40, 45-46 [2006]; *People v Smith, supra* at 588).

Next, defendant asserts that the showup identification was overly suggestive and should have been suppressed. "Generally, a showup identification is permissible if reasonable and not unduly suggestive" (*People v Armstrong*, 11 AD3d 721, 722 [2004], *lv denied* 4 NY3d 760 [2005] [citations omitted]; *see People v Brisco*, 99 NY2d 596, 597 [2003]). "The reasonableness element is satisfied by '[p]roof that the showup was conducted in close geographic and temporal proximity to the crime' " (*People v Jackson*, 2 AD3d 893, 895 [2003], *lv denied* 1 NY3d 629 [2004], quoting *People v Ortiz*, 90 NY2d 533, 537 [1997]). Here, the People established that the showup was reasonable; suppression testimony revealed that defendant was apprehended within 15 minutes of the time police reported to the call and that, within a few minutes, defendant was returned to the crime scene and identified (*see People v Martinez [Cruz]*, 9 AD3d 679, 681 [2004], *lvs denied* 3 NY3d 705, 709 [2004]; *People v Jackson, supra* at 895). Defendant was transported to the crime scene in a police vehicle and was not handcuffed. As he was exiting the vehicle, defendant was immediately identified by one eyewitness and, shortly thereafter, by the second. Under these circumstances, County Court (Giardino, J.) also properly found that the showup was not unduly suggestive (*see People v Woodridge*, 30 AD3d 898, 899 [2006], *lv denied* 7 NY3d 852 [2006]; *People v Armstrong, supra* at 722).

Defendant contends that the evidence adduced at trial was not legally sufficient to support his conviction because the People failed to demonstrate that he was in possession of either of the guns recovered at the scene (*see* Penal Law § 265.02 [1], [4]). A teacher at Lincoln Elementary School identified defendant at trial as the individual who had displayed and fired a gun at the school. In addition, a second eyewitness testified that, after the shooting, he saw defendant place a gun in a bag and then hide the bag in the bushes before fleeing the scene. Police testimony established that a bag matching the description given by the second eyewitness was recovered from the crime scene and that it contained two loaded and operable firearms. This evidence, viewed in a light most favorable to the People, is sufficient for a rational jury to have found beyond a reasonable doubt that defendant had been in possession of both

weapons (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Leader*, 27 AD3d 901, 903 [2006]).

Finally, defendant asserts that County Court (Hoye, J.) abused its discretion in denying defendant's request to call a firearms expert witness at trial. We disagree. In exercising its discretion to decide whether to permit the requested witness to testify, the court had to determine whether the expert testimony was necessary to assist the jurors in drawing relevant conclusions based upon the facts established at trial (*see People v Lee*, 96 NY2d 157, 162 [2001]). Defendant requested the expert testimony to demonstrate that there are tests available which could establish whether a gun has been recently fired in order to emphasize the People's failure to take such steps to demonstrate that one of the guns had been fired. Inasmuch as firing a gun was not an element of any crime with which defendant was charged (*see* Penal Law § 265.02 [1], [4]) and defendant had—and utilized—the opportunity to cross-examine police witnesses regarding the quality and quantity of evidence linking defendant to the guns recovered at the scene, we discern no abuse of discretion in the court's decision to preclude the requested testimony (*see People v Nickel*, 14 AD3d 869, 871 [2005], *lv denied* 4 NY3d 834 [2005]; *People v Paro*, 283 AD2d 669, 670 [2001], *lv denied* 96 NY2d 922 [2001]).

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.