Rose, J.
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered January 26, 2006, upon a verdict convicting defendant of the crimes of robbery in the second degree (two counts), burglary in the second degree (two counts), criminal use of a firearm in the second degree and resisting arrest.
*945 Two men wearing masks and wielding a handgun pushed their way into an apartment, tied up the two female occupants, threatened to kill them, demanded money at gunpoint and ransacked the apartment. Finding no money and taking a red cellular phone from one of the victims, the men left the apartment, only to be immediately surrounded by police. One of the men, later identified as Rory Pinto, was quickly taken into custody. The other man fled and, while being pursued by police, he was observed throwing away a gun and other items. The police chased and caught him, he was identified as defendant and he had in his possession a red cellular phone of the same brand and type as that taken from the victims. Shortly after defendant’s arrest, one of the victims identified the phone found in his possession as hers. She also insisted that the phone be returned to her because it was the only way that she could communicate with her young son who was staying with her mother in a distant city. The police photographed the phone and released it to her. As a result, the phone was not available for later examination by the defense or use at trial.
At the joint trial of defendant and Pinto, County Court dismissed three charges against defendant and ultimately found him guilty of the remaining charges.* Defendant was then sentenced to two concurrent prison terms of 14 years for the two counts of burglary in the second degree, as well as five years of postrelease supervision, a concurrent 14-year prison term for criminal use of a firearm in the second degree and two prison terms of 14 years with five years of postrelease supervision for the two counts of robbery in the second degree, with one such term to run concurrently and the other to run consecutively with the terms for burglary. Finally, defendant also received a concurrent one-year term for the conviction of resisting arrest. Defendant now appeals.
We turn first to defendant’s contention that County Court abused its discretion by imposing an insufficient sanction for the People’s violation of Penal Law § 450.10 in releasing the cellular phone to one of the victims. When allegedly stolen property is in the custody of the police or a district attorney and is released before both the People and defense counsel have had an opportunity to examine, test and otherwise make use of it, Penal Law § 450.10 (10) mandates the imposition of a sanction (see People v Kelly, 62 NY2d 516, 520-521 [1984]). The choice of sanction, however, is “committed to the sound discretion of the *946 trial court” and may take into account “the degree of prosecutorial fault . . . , but the overriding concern must be to eliminate any prejudice to the defendant while protecting the interests of society” (id. at 520-521). Here, the sanction imposed was a jury instruction that the People’s failure to comply with the statute was a factor that the jurors could consider in determining the weight to be given to such evidence (see Penal Law § 450.10 [10]), there was no evidence of bad faith and defendant’s counsel was able to point out that no forensic testing had been conducted on the phone. Accordingly, we are unwilling to say that County Court abused its discretion (see People v Reyes, 27 AD3d 584, 584 [2006], lv denied 7 NY3d 761 [2006]).
Defendant also contends that his conviction on the two robbery counts was against the weight of the evidence because there could be no motive for stealing a cellular phone which would be rendered useless when the owner canceled its service. Suffice it to say that the motive for removal of the phone from the victim may well have been to prevent her from immediately contacting the police. After viewing the evidence in a neutral light and giving “appropriate deference to the jury’s superior opportunity to assess the witnesses’ credibility” (People v Gilliam, 36 AD3d 1151, 1152-1153 [2007], lv denied 8 NY3d 946 [2007]), we conclude that the verdict was in accord with the weight of the evidence.
We further find no merit in defendant’s argument that the imposition of consecutive sentences was illegal. County Court properly imposed consecutive sentences upon defendant because the crimes of robbery in the second degree and burglary in the second degree are distinct and arose from the separate acts of the forcible taking of the victim’s cellular phone and entering the victim’s home with the intent to commit a crime (see People v Yong Yun Lee, 92 NY2d 987, 988-989 [1998]). Nor is the 28-year aggregate sentence harsh and excessive here, given the violent and terrifying nature of the crimes committed, the fact that defendant instigated this home invasion, and his lack of remorse. We perceive neither an abuse of discretion nor the existence of any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Morgan, 24 AD3d 950, 954 [2005], lv denied 6 NY3d 815 [2006]; People v Jackson, 2 AD3d 893, 897 [2003], lv denied 1 NY3d 629 [2004]; People v Torra, 309 AD2d 1074, 1076 [2003], lv denied 1 NY3d 581 [2003]).
Defendant’s remaining contentions raised in his supplemental pro se brief have been reviewed and found to be without merit.
Cardona, P.J., Carpinello, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.

 The jury found Pinto guilty of burglary in the second degree (two counts), robbery in the second degree (two counts) and criminal use of a firearm in the second degree (People v Pinto, 56 AD3d 956 [2008] [decided herewith]).