People v Jacobs (2020 NY Slip Op 02536)





People v Jacobs


2020 NY Slip Op 02536


Decided on April 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2020

Friedman, J.P., Kapnick, Webber, Oing, JJ.


11422 178/16

[*1]The People of the State of New York, Respondent,
v
William Jacobs, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (David Bernstein of counsel), and Weil, Gotshal & Manges LLP, New York (David Fitzmaurice and Richard Gage of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Malancha Chanda of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J. at suppression hearing; Ronald A. Zweibel, J., at jury trial and sentencing), rendered December 6, 2016, convicting defendant of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.
Initially, we find that the People met their burden of going forward with proof demonstrating reasonable suspicion for the initial stop, based on testimony that defendant, who met a specific radioed description, was detained in close temporal and spatial proximity to the reported larceny in progress. We also find that the testifying officer provided competent proof of these facts, notwithstanding the absence of testimony from the officers who made the original stop. Defendant argues that, even if the initial stop was lawful, the search was not incident to an arrest and therefore, before probable cause for an arrest arose. Defendant's argument is unpreserved, as he did not make any specific arguments challenging the admissibility of the physical property, and the court did not decide the issue in response to protest by either party.
Similarly, defendant's argument that the showup was unduly suggestive is partially unpreserved. While defense counsel argued before the hearing court that the video established that the showup was unduly suggestive, counsel did not argue that statements made by the officer to the identifying witness rendered the procedure suggestive.
We find, however, that the identification procedure was "not so unnecessarily suggestive as to create a substantial likelihood of misidentification" (People v Duuvon, 160 AD2d 653 [1st Dept 1990], affd 77 NY2d 541 [1991]; People v Brisco, 99 NY2d 596 [2003]).
Finally, we find that the trial court properly balanced the probative value of the proposed testimony against any prejudice to defendant in its Molineux ruling (see People v Versage, 48 AD3d 254, 255 [1st Dept 2008], lv denied 10 NY3d 871 [2008]; People v Hwang, 2 AD3d 245, 246 [1st Dept 2003], lv denied 2 NY3d 738 [2004]). Further, any prejudice was minimized by [*2]way of suitable limiting instructions (People v Versage, 48 AD3d at 255).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2020
CLERK